UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-10190

STEPHEN BUZZELL, JR.
on behalf of himself and others similarly situated
under 29 U.S.C. 216(b)

    Plaintiff,
vs.

FLORIDA KEYS AMBULANCE SERVICE, INC.
and EDWARD BONILLA, individually

    Defendants
_____/

## COMPLAINT

Plaintiff, STEPHEN BUZZELL, JR. ("BUZZELL"), by and through his undersigned attorneys, bring this action on behalf of himself and other current and former similarly situated employees against Defendants, FLORIDA KEYS AMBULANCE SERVICE, INC. ("FKAS"), and EDWARD BONILLA ("BONILLA") to recover overtime compensation, liquidated damages, costs and reasonable attorneys' fees under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA") and, in support thereof, state as follows:

## PARTIES

1. BUZZELL worked for FKAS from approximately June 2014 until July 6, 2017. BUZZELL began working as an On-Call Critical Care Licensed Paramedic making $100.00, and then, from about January 2015, $125.00, per 24-hour on-call shift, plus additional payments per call. In February 2017, he was promoted to Critical Care Paramedic making $1,300.00 per week. In May 2017, he was demoted back to an On-Call Paramedic, making $125.00 per 24-hour shift, plus additional payments per call.

2. BUZZELL is an individual, *sui juris*, and, at all times material to this action, was a resident of Monroe County, Florida.

3. Defendant, FKAS, is a Florida corporation with its principal address at 91421 Overseas Highway, Tavernier, Florida 33070.

4. Defendant, BONILLA, is the owner and of FKAS and, in that capacity was responsible for hiring, promoting, demoting and terminating BUZZELL, along with determining compensation.

5. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s).

6. Based upon information and belief, the annual gross sales volume of FKAS was in excess of $500,000.00 at all times material hereto.

7. At all times pertinent to this Complaint, FKAS was an enterprise in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act.

8. BONILLA is an employer pursuant to the FLSA.

9. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

10. The Court has jurisdiction over Defendants, and over Plaintiff and any other plaintiffs joining this lawsuit in that the acts from which this lawsuit arise occurred in southeast Florida.

11. Plaintiff and other similarly situated non-exempt employees regularly worked overtime hours. Defendants, however, failed to compensate Plaintiff and other similarly situated employees at time and one-half their regular rates of pay for the overtime hours they worked.

12. Instead, Defendants seemed to pay Plaintiff and other similarly situated employees based upon the premise that the hours on-call time beyond forty (40) per work-week were not compensable overtime. However, this on-call time was, in fact, subject to overtime based on the fact that Plaintiff and other similarly situated employees were required to remain in close proximity to

FKAS in order to respond to calls within a thirty (30) minutes, and the calls to which Plaintiff and others similarly situated responded during each on-call shift were of sufficient frequency, usually one to five calls per 24-hour shift, that there was no meaningful opportunity for the employees to engage in meaningful personal pursuits. As such, Plaintiff and others similarly situated should have been compensated for their on-call time.

13. Plaintiff and others similarly situated generally were on-call for four (4) 24-hour shifts each work week. As such, they worked 96 hours per week, but were not paid overtime for the fifty-six (56) hours of on-call time beyond forty (40) hours.

14. At all times pertinent to this Complaint, Defendants failed to comply with 29 U.S.C. § 201-209 by not compensating Plaintiffs and other similarly situated employees the required amount for the overtime hours they worked.

15. The records, if any, concerning the number of days on-call, the number of calls taken each day and the number of hours actually worked and the compensation actually paid to the Plaintiffs and to similarly situated employees are in the possession and custody of Defendants.

16. Defendants knew and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and similarly situated employees the statutory rate of time and one-half for all the hours they worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

17. Defendants failed to properly disclose or apprise Plaintiff and similarly situated employees of their rights under the FLSA.

18. Plaintiff and similarly situated employees are entitled to time and one-half of their regular rate of pay for each hour (or part thereof) worked over forty (40) in a work week, along with an equal amount of liquidated damages.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web:  gallup-law.com

19.     Plaintiff has retained the undersigned counsel to represent him in this action. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATION

20.     Plaintiff re-alleges paragraphs 1-19 above and incorporate the same herein by this reference.

21.     Plaintiff and all other similarly situated employees are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) hours per work week.

22.     By reason of Defendants' intentional, willful and unlawful acts, Plaintiff and all other similarly situated employees have suffered damages, and have incurred costs and reasonable attorneys' fees.

23.     As a result of Defendants' willful violation of the Act, Plaintiff and the other similarly situated employees are entitled to liquidated damages.

WHEREFORE Plaintiff, STEPHEN BUZZELL, JR., on behalf of himself and all similarly situated employees, demand judgment against Defendants, FLORIDA KEYS AMBULANCE SERVICE, INC. and EDWARD BONILLA, for the payment of all overtime hours at one and one-half their regular rates of pay, liquidated damages; reasonable attorneys' fees and costs, and such further relief as this Court deems just and appropriate.

## COUNT II – BREACH OF CONTRACT

24.     This is an action for breach of contract against FKAS.

25.     Plaintiff re-alleges paragraphs 1-3, 15 and 19 above and incorporate the same herein by this reference.

26.     In addition to the on-call and salary Plaintiff received, FKAS agreed to pay Plaintiff for each call handled by the Plaintiff. The amount to be paid varied depending upon the type of call.

4

27. At various times throughout Plaintiff's employment, FKAS failed or refused to pay Plaintiff for certain calls, or would not pay Plaintiff the correct agreed-upon amount.

28. Although Plaintiff has some records reflecting the calls he took, an estimate of damages is not possible until such time as the pay records of FKAS can be examined.

29. FKAS breached its contract with Plaintiff by failing to pay, or underpaying, for calls Plaintiff took.

30. As a result of FKAS' breach of contract, Plaintiff has been damaged.

31. Plaintiff is entitled to attorney's fees pursuant to Fla. Stat. §448.08.

WHEREFORE Plaintiff, STEPHEN BUZZELL, JR., demands judgment against Defendant, FLORIDA KEYS AMBULANCE SERVICE, INC. for damages; reasonable attorneys' fees and costs, and such further relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable by right of jury.

Dated: November 1, 2019

**GALLUP AUERBACH**
*Counsel for Plaintiff*
4000 Hollywood Boulevard
Presidential Circle-Suite 265 South
Hollywood, Florida 33021
Telephone: (954) 894-3035
Facsimile: (954) 894-8015
E-mail: dgallup@gallup-law.com

By:   /s/ DANA M. GALLUP
      DANA M. GALLUP
      Florida Bar No.: 0949329