UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-10190

STEPHEN BUZZELL, JR.
on behalf of himself and others similarly
situated under 29 U.S.C. 216(b),

       Plaintiff,

v.

FLORIDA KEYS AMBULANCE SERVICE, INC.
and EDWARD BONILLA,

       Defendants.
_____/

## MOTION TO DISMISS COMPLAINT
## WITH INCORPORATED MEMORANDUM OF LAW

    Defendants, FLORIDA KEYS AMBULANCE SERVICE, INC. ("FKAS") and EDWARD BONILLA ("Mr. Bonilla"), through their attorneys, Bryant Miller Olive P.A., and Theron Simmons, P.L.L.C., pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby file this Motion To Dismiss Complaint and further state in support thereof as follows:

### MOTION TO DISMISS COMPLAINT

1.    Plaintiff filed his Complaint [D.E. 1] on November 1, 2019, alleging two counts: Count I, titled Federal Overtime Wage Violation, alleges a violation of the Fair Labor Standards Act ("FLSA") for unpaid overtime; Count II, titled Breach of Contract, alleges Florida common law breach of contract. Count I is brought against both Defendants. Count II is brought only against FKAS.

2.    The Court's Order dated January 23, 2020, provided that Defendants had until February 13, 2020, to respond to the Complaint. This Motion is timely filed.

3. The Complaint in its entirety fails to meet the applicable pleading standard under Rule 8 of the Federal Rules of Civil Procedure and, therefore, fails to state a claim upon which relief may be founded. Additionally, it is clear from the face of the Complaint that the FLSA claim is at least partially time-barred. As such, the Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be founded.

WHEREFORE, Defendants request that the Complaint be dismissed.

## MEMORANDUM OF LAW

### POINT I

UNDER THE APPLICABLE LEGAL STANDARDS, THE COMPLAINT CANNOT WITHSTAND A MOTION TO DISMISS.

In considering a motion to dismiss for failure to state a claim, the Court must consider the allegations of the complaint as true and consider them in the light most favorable to the Plaintiff. *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008). This standard requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The allegations must show "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Facial plausibility is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. These requirements "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. A court need not accept mere conclusory statements as true. *Twombly*, 550 U.S. at 556. Also, a reviewing court may need to draw on its experience and common sense to determine whether the complaint states a plausible claim. *Id*. Dismissal with prejudice is proper if the complaint as

amended would still be properly dismissed or subject to immediate summary judgment. *E.g., Cockrell v. Sparks,* 510 F.3d 1307, 1310 (11th Cir. 2007).

POINT II

NEITHER COUNT OF THE COMPLAINT IS PLED WITH THE SPECIFICITY REQUIRED AND, THEREFORE, FAILS TO STATE A CLAIM.

Plaintiff alleges that he was employed by Defendants as a paramedic during a period of about three years. [Compl. ¶ 1] He alleges that he "regularly" worked overtime. [Compl. ¶ 11] However, in describing the manner of payment he alleges that "Defendants *seemed* to pay ..." him in a certain manner and that this *seeming* method of payment violated the FLSA. [Compl. ¶¶ 12-14 (emphasis provided)] Plaintiff admits he does not know (and, therefore, does not adequately allege) when he actually worked or did not work overtime. [Compl. ¶ 15]

In *Fields v. Medex Transp., Inc.,* No. 13-60518, 2013 WL 12138554 at *2-3 (S.D. Fla. May 24, 2013) (granting motion to dismiss), the court granted a motion to dismiss an FLSA claim for failure to state a claim where the plaintiff had pled when she was hired but had not alleged the weeks during which she was allegedly not paid overtime. Such a failing leaves the court unable "to make a 'just and reasonable' inference as to the amount and extent of [plaintiff's] work," justifying dismissal. *St. Croix v. Genentech, Inc.,* No. 8:12–cv–891, 2012 WL 2376668 at *2 (M.D. Fla. June 22, 2012) (granting motion to dismiss FLSA claim); *see also Burge v. Kings Realty Group, LLC.*, 2012 WL 4356815 at **2 (M.D. Fla. 2012) (same, on similar grounds).

Additionally, Plaintiff fails to provide specifics of his duties or when he was allegedly on call, other than "generally" four shifts per week, twenty-four hours at a time. [Compl. ¶ 13] Plaintiff does not attempt to quantify or specify, even in these "general" terms, when such weeks

occurred or over what period of time. As such, Plaintiff commits the same fault as the plaintiffs in *Fields, St. Croix,* and *Burge*, above, and the claims should likewise be dismissed.

Plaintiff also has failed to sufficiently plead a willful violation of the FLSA. At the pleading stage, "Courts in the Eleventh Circuit require some factual allegation from which they could infer that a defendant's alleged failure to pay was willful." *Gungel v. Boss Rain Forest Pet Resort,* No. 16-62819, 2017 WL 7796318 at *3 (S.D. Fla. Feb. 2, 2017) (granting motion to dismiss) (quoting *Hernandez v. Anderson*, No. 14-CV-577, 2015 WL 3514483 at *6 (M.D. Fla. 2015)). In this case, Plaintiff pleads only that "Defendants knew and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and similarly situated employees the statutory rate of time and one-half for all the hours they worked in excess of forty (40) hours per week when Defendants knew or should have known such was due." [Compl. ¶ 16] Coupled with Plaintiff's uncertain and conditional allegation regarding the manner in which he claims to have been paid, this conclusory statement does not provide the specificity necessary either to make a plausible claim of a willful violation or to put Defendants on notice of how they allegedly violated the law. As such, any claims of willfulness should be dismissed.

These flaws in the FLSA claims should compel their dismissal.

## POINT III

### ALL NON-WILLFUL FLSA CLAIMS AND MOST OR ALL CLAIMS OF ALLEGED WILLFUL VIOLATIONS OF THE FLSA ARE TIME-BARRED.

Plaintiff admits in the Complaint that his employment by Defendants ended on July 6, 2017. [Compl. ¶ 1] The statute of limitations for the FLSA is two years or, for willful violations, three. 29 U.S.C. § 255(a). The Complaint was filed on November 1, 2019. Non-willful claims arising prior to November 1, 2017, are time-barred and cannot be a basis for recovery. Even willful

claims – although such are not adequately pled, as argued above – based on acts prior to November 1, 2016, are time-barred. Plaintiff's last date of employment, by his own admission, was in July 2017, more than two years before he filed suit. Thus, he is barred by the statute of limitations from bringing any claim under the FLSA unless it is willful. Further, even the three-year statute of limitations for willful claims extends only to November 1, 2016. Thus, at most, Plaintiff can claim willful FLSA violations only during the period of November 1, 2016, to July 6, 2017, when he terminated his employment. Assuming, arguendo, that Plaintiff is able to adequately plead willful violations, any such based on events before November 1, 2016, should be dismissed. Because no amendment could repair the statute of limitations defect of the Complaint, these claims should be dismissed with prejudice.

### POINT IV

PLAINTIFF FAILS TO ADEQUATELY PLEAD BREACH OF CONTRACT.

A federal court in Florida succinctly summarized the basics of a breach of contract claim under Florida law as follows:

> Under Florida law, "[t]he elements of an action for breach of contract are: (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach. In addition, in order to maintain an action for breach of contract, a claimant must also prove performance of its obligations under the contract or a legal excuse for its nonperformance." *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d Dist. Ct. App. 2006) (internal citations omitted). In order to establish the presence of a valid contract, a plaintiff must allege the existence of: (1) an offer; (2) acceptance of the offer; (3) consideration; and (4) sufficient specification of the essential terms of the agreement. *Senter v. JPMorgan Chase Bank, N.A.*, 810 F. Supp. 2d 1339, 1345 (S.D. Fla. 2011) (citing *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004) ).

*Moragon v. Ocwen Loan Servicing,* No. 6:17-cv-2028, 2018 WL 3761036 at *2 (M.D. Fla. June 22, 2018) (granting motion to dismiss breach of contract claim). A valid acceptance must include assent to the essential terms of the offer. *Knowling v. Manavoglou,* 73 So. 3d 301, 303 (Fla. 5th DCA 2011). The essential terms of a contract vary according to the transaction involved, but they must include the terms of the offer. *Id.* A party who asserts an oral contract must prove its existence. *Batista v. Walter & Bernstein, P.A.,* 378 So.2d 1321, 1322 (Fla. 3d DCA 1980).

In *Kelley v. Metropolitan Life Ins. Co.,* No. 13–61864, 2013 WL 5797367 (S.D. Fla. Oct. 28, 2013) (granting motion to dismiss breach of employment contract claim), the plaintiff failed to allege offer and acceptance or the method of calculating pay. This failure led the court to dismiss the claim. *See also Uphoff v. Wachovia Sec., LLC,* No. 09–80420, 2009 WL 5031345 at *2-5 (S.D. Fla. Dec. 14, 2009) (dismissing employment contract claim where method of calculating bonus not alleged).

Plaintiff's sole allegations regarding the existence of a contract or its terms or its breach state:

> 26. In addition to the on-call and salary Plaintiff received, FKAS agreed to pay Plaintiff for each call handled by the Plaintiff. The amount to be paid varied depending upon the type of call.
>
> 27. At various times throughout Plaintiff's employment, FKAS failed or refused to pay Plaintiff for certain calls, or would not pay Plaintiff the correct agreed-upon amount.

[Compl. ¶ 26-27] There is no allegation of a writing, so the Court and FKAS are left to assume that Plaintiff is alleging an oral contract (itself an indication that the pleading standard is not met).

There is no allegation of an offer or acceptance, merely that FKAS "agreed to pay." There is no allegation of Plaintiff's performance or excuse for nonperformance. The essential term of the amount or calculation of payment is left out altogether, other than to allege that it "varied." Plaintiff

6

alleges that the rate or type of payment differed depending on the type of call, but does not explain what types of calls existed, how they differed, or why or how they merited different types or rates of pay. Even the alleged instances of breach are uncertain, characterized as occurring "[a]t various times ... ."

These allegations fail to allege essential elements and other aspects of the claim. As such, they fail under the applicable pleading standards to put FKAS on notice of the claims against it. They fail to provide for the Court's consideration a claim that is plausible on its face or even allegations from which any reasonable supporting inferences could be drawn.

As such, Plaintiff fails to adequately allege either the existence of a contract or its essential terms or its breach. Accordingly, Count II should be dismissed.

## CONCLUSION

The Complaint's allegations of FLSA claims against the Defendants are inadequately specific or detailed to meet the pleading standards under Rule 8 as interpreted by *Iqbal* and *Twombly*. In particular, willfulness is not properly pled. It is clear from the face of the Complaint that all non-willful claims of FLSA violations are outside the statute of limitations; as such, they must be dismissed with prejudice. Likewise, any willful claims based on conduct prior to November 1, 2016, must be dismissed with prejudice, even assuming willfulness could be adequately pled. Finally, the breach of oral contract claim fails on numerous points to be adequately pled. It fails to allege offer, acceptance, Plaintiff's performance or excuse from performance, and fails to allege the essential terms of the claimed contract.

Accordingly, the Complaint should be dismissed.

      **BRYANT MILLER OLIVE P.A.**
One S.E. Third Avenue, Suite 2200
Miami, Florida  33131
(305) 374-7349 (Telephone)
(305) 374-0895 (Facsimile)


By  /s/ David C. Miller
   David C. Miller (Florida Bar No. 147427)
   dmiller@bmolaw.com
   Denise M. Heekin (Florida Bar No. 892998)
   dheekin@bmolaw.com
   Ranjiv Sondhi (Florida Bar No. 105581)
   rsondhi@bmolaw.com
   Co-counsel for Defendants


**THERON SIMMONS, PLLC**
101 N.E. 3rd Avenue, Suite 1500
Fort Lauderdale, Florida  33301
(954) 332-3706 (Telephone)
(954) 356-0406 (Facsimile)


By      /s/Theron Simmons
   Theron Simmons (Florida Bar No. 0623385)
   tsimmons@law-bsa.com
   Co-counsel for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically through the clerk of the court by using the CM/ECF system, on this 13th day of February, 2020, on all counsel or parties of record on the Service List below.

/s/ David C. Miller
David C. Miller

**SERVICE LIST**

| | |
|---|---|
| Dana M. Gallup, Esquire | Robert S. Norell, Esquire |
| dgallup@gallup-law.com | rob@floridawagelaw.com |
| GALLUP AUERBACH | ROBERT S. NORELL, P.A. |
| 4000 Hollywood Boulevard | 300 N.W. 70th Avenue, Suite 305 |
| Presidential Circle, Suite 265 South | Plantation, Florida 33317 |
| Hollywood, Florida 33021 | (954) 617-6017 (Telephone) |
| (954) 894-3035 (Telephone) | (954) 617-6018 (Facsimile) |
| (954) 894-8015 (Facsimile) | Co-counsel for Plaintiff |
| Co-counsel for Plaintiff | |