UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KEY WEST DIVISION

CASE NO. 4:19-cv-10190-JLK

STEPHEN BUZZELL, JR.
on behalf of himself and others similarly
situated under 29 U.S.C. 216(b),

    Plaintiff,

v.

FLORIDA KEYS AMBULANCE SERVICE, INC.
and EDWARD BONILLA,

    Defendants.
_____/

## ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS

THIS CAUSE comes before the Court on Defendants' Motion to Dismiss (the "Motion") (DE 13), filed on February 13, 2020. The Court has considered the Motion, Plaintiff's Response (DE 16), Defendants' Reply (DE 17), and is otherwise fully advised.

### I. BACKGROUND

On November 1, 2019, Plaintiff Stephen Buzzell filed the above-styled action against Florida Keys Ambulance Service ("FKAS") and Edward Bonilla (his former employer) (collectively "Defendants"), alleging unpaid overtime wage violations (Count I) under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1). *See* Compl., DE 1. According to the Complaint, Plaintiff worked for Defendants as an On-Call Critical Care Licensed Paramedic from about June 2014 until July 6, 2017. *Id.* ¶ 1. Plaintiff alleges that he and "other similarly situated non-exempt employees regularly worked overtime hours. Defendants, however, failed to compensate Plaintiff and other similarly situated employees at time and one-half their regular rates of pay for the overtime hours they worked." *Id.* ¶ 11. "Instead," according to Plaintiff, "Defendants seemed to pay Plaintiff other similarly situated employees based upon the premise that the hours on-call time beyond forty (40) per work-week were not

compensable overtime. However, this on-call time was, in fact, subject to overtime based on the fact that Plaintiff and other similarly situated employees were required to remain in close proximity to FKAS in order to respond to calls within [sic] thirty (30) minutes, and the calls to which Plaintiff and others similarly situated responded during each on-call shift were of sufficient frequency, usually one to five calls per 24-hour shift, that there was no meaningful opportunity for the employees to engage in meaningful personal pursuits." *Id.* ¶ 12. Plaintiff alleges that he, and other similarly situated employees, were "on-call for four (4) 24-hour shifts each work week. As such, they worked 96 hours per week, but were not paid overtime for the fifty-six (56) hours of on-call time beyond forty (40) hours." *Id.* ¶ 13.

Count I (seeking unpaid overtime wages) is brought against both Defendants. *See* Compl., ¶ 23. Plaintiff also brings a claim for breach of contract (Count II) against FKAS only, alleging that "FKAS agreed to pay Plaintiff for each call handled by the Plaintiff." *Id.* ¶ 26. However, according to Plaintiff, "[a]t various times throughout Plaintiff's employment, FKAS failed or refused to pay Plaintiff for certain calls, or would not pay Plaintiff the correct agreed-upon amount." *Id.* ¶ 27. Defendants now move to dismiss the Complaint in its entirety. *See* Mot. Dismiss, DE 13.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

Defendants argue that (1) the Complaint is devoid of sufficient facts to state a claim for overtime wage violations under the FLSA, (2) the claim for overtime is barred by the statute of limitations because

2

it does not sufficiently allege that Defendants "willfully" violated the FLSA, and (3) the Complaint fails to allege sufficient facts to state a claim for breach of contract. *See generally* Mot. Dismiss.

After careful consideration, the Court finds that the FLSA overtime claim (Count I) contains sufficient factual allegations, accepted as true, to state a claim to relief. *See Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763–64 (11th Cir. 2008). Among other things, the Complaint alleges that Plaintiff worked about ninety-six (96) hours per week as an "on-call" paramedic with FKAS but was not compensated at a higher rate for such overtime work.[1] Compl. ¶¶ 11–14. These allegations are sufficient to state a claim for overtime wage violations under the FLSA. *See, e.g.*, *Anish v. Nat'l Secs. Corp.*, Case No. 10-80330-CIV-MARRA, 2010 WL 4065433, at *2 (S.D. Fla. Oct. 15, 2010) ("[T]he Court rejects Defendant's argument that Plaintiff must plead the precise number of hours worked and applicable pay rates to state an FLSA claim. The Complaint alleges that Plaintiff worked more than forty hours per week and was not compensated overtime pay or minimum wages. A 'claim for relief for failure to pay minimum wages [or] to provide overtime compensation . . . under FLSA does not require more.'") (quoting *Labbe*, 319 F. App'x at 764) (internal citations omitted). Additionally, Defendant's argument regarding the three-year statute of limitations is premature since it is an affirmative defense not "apparent from the face of the complaint." *Labbe*, 319 F. App'x at 764. Count I should therefore survive dismissal.

However, the Court finds that the claim for breach of contract (Count II) lacks sufficient factual support to survive a motion to dismiss. In Florida, to state a claim for breach of contract, a plaintiff must allege (1) the existence of a valid contract, (2) a breach of the contract, and (3) damages resulting from that breach. *Knowles v. C.I.T. Corp.*, 346 So. 2d 1042, 1043 (Fla. Dist. Ct. App. 1977). To establish the existence of a valid contract, a plaintiff must allege (1) an offer, (2) acceptance, (3) consideration, and (4) sufficient specification of the terms of the agreement. *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004).

---

[1] The FLSA requires employers to provide overtime compensation at the rate of "time and a half" to employees for all hours worked beyond forty hours in a given week. 29 U.S.C. § 207(a)(1).

Here, the Complaint fails to adequately allege the existence of a valid contract. Indeed, Count II alleges that "FKAS agreed to pay Plaintiff for each call handled by the Plaintiff . . . [but] FKAS failed or refused to pay Plaintiff for certain calls, or would not pay Plaintiff the correct agreed-upon amount." Compl. ¶¶ 26–27. Among other things, Count II does not allege an offer between the parties, an acceptance of this offer, or the essential terms of this (purported) agreement. Nor does it allege the existence of a writing embodying this agreement. As a result, these allegations are inadequate to state a claim for breach of contract since "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that:

1. Defendants' Motion to Dismiss **(DE 13)** be, and the same hereby is, **GRANTED IN PART**;

2. The claim for breach of contract (Count II) is hereby **DISMISSED**; and

3. Defendant(s) shall file their Answer(s) to the FLSA overtime claim (Count I) within **twenty (20) days** of the date of this Order.

.       DONE AND ORDERED in chambers at the James Lawrence King Federal Justice Building and United State Courthouse, Miami, Florida, this 17th day of July, 2020.

                                                                          JAMES LAWRENCE KING
                                                                          UNITED STATES DISTRICT JUDGE

cc:

All Counsel of Record