## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 4:19-cv-10190-JLK

STEPHEN BUZZELL, JR.
on behalf of himself and others similarly
situated under 29 U.S.C. 216(b),

      Plaintiff,

v.

FLORIDA KEYS AMBULANCE SERVICE, INC.
and EDWARD BONILLA,

      Defendants.

_____/

## REPORT AND RECOMMENDATION[1] ON PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH THIS COURT'S ORDER AND FOR SANCTIONS

**THIS MATTER** is before the Court on Plaintiff Stephen Buzzell, Jr.'s ("Plaintiff")

Motion to Compel Compliance with this Court's Order and for Sanctions. ECF No. [33].

Defendants Florida Keys Ambulance Service, Inc. ("Florida Keys") and Edward Bonilla

("Bonilla") (collectively "Defendants") filed their Response ("Defendants' Response"), ECF No.

[35], and Plaintiff filed his Reply, ECF No. [37].

On March 4, 2021, a hearing was held before the undersigned on whether: (1) Defendants

failed to comply with the District Court's previous order requiring them to provide the list of

persons who were entitled to received notice of the putative class; and if so, (2) what sanctions, if

---

[1] On January 28, 2021, the Honorable James Lawrence King, United States District Judge, entered an order granting Plaintiff's Motion to Extend the Opt-in Period. ECF No. [34]. On January 29, 2021, Judge King referred the instant Motion to Compel Compliance with this Court's Order and for Sanctions to the undersigned. ECF No. [36]. Accordingly, the only matter before this Court is Plaintiff's Motion to Compel and for Sanctions.

any, were warranted for the failure to timely comply.  ECF No. [46].  At the hearing, the undersigned ordered Plaintiff to file a short statement listing the names disclosed in an untimely fashion and ordered Defendants to provide a response as to whether the names were in fact untimely disclosed, and if so, to provide an explanation as to why the disclosure was untimely. ECF Nos. [47], [48].

On March 18, 2021, the parties presented oral argument on this matter.  ECF No. [49].  At the conclusion of oral arguments, the undersigned advised the parties as to what her recommendation would be; however, because the Court was relying on defense counsel's proffer as to what his client would say, the undersigned allowed counsel the opportunity to present his client's testimony.  On March 24, 2021, the parties appeared for an evidentiary hearing before the undersigned where Defendant Bonilla testified.  ECF No. [51].

After due consideration of the briefing, the oral argument, the testimony of Defendant Bonilla at the evidentiary hearing, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that Plaintiff's Motion, ECF No. [33], be **GRANTED**, as set forth below.

## I.       BACKGROUND

On November 1, 2019, Plaintiff, on behalf of himself and others similarly situated, initiated a collective action against Defendants for overtime violations under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, (the "FLSA") (Count I) and for breach of contract for recovery of unpaid wages (Count II).  ECF No. [1].  On December 2, 2020, the District Court entered its Order Granting In Part Plaintiff's Motion To Facilitate Notice (the "Order").  ECF No. [30].  In the Order, the District Court defined the class as follows:

> All current and former employees of Florida Keys Ambulance
> Service, Inc. who were employed at any time within three years prior

2

to the date of mailing of the opt-in notice to the present and who (1) provided medical transportation or medical transportation support services as a regular job duty, (2) worked on-call shifts, and (3) were not paid overtime compensation when they were on call for more than 40 hours in a workweek.

*Id.* at 6.  The District Court further ordered that: (1) "[w]ithin ten days of the date of this Order, the Defendants shall provide the Plaintiff with a computer readable data file containing the names, addresses, and telephone numbers of current and former on-call employees who fall within the class definition stated above"; (2) "[w]ithin ten days of the date of Plaintiff's receipt of the data file described above, the Plaintiff shall mail notice to putative class members in the form appended to this Order"; and (3) "[p]utative members of the class shall execute consents to join in the form appended to this Order and shall return their consents to Plaintiff's counsel within 60 days of the date of mailing of the notice if they wish to join as party plaintiffs." *Id.*  Based on the District Court's Order, Defendants were to produce the names of the putative class members on or before December 14, 2020. *Id.*

On December 14, 2020, Defendants provided a list of current and former on-call personnel ("Class List No. 1").  ECF No. [33] at 1–2.  On January 19, 2021, in response to Plaintiff's counsel's concern that the list was incomplete, Defendants supplemented Class List No. 1 ("Class List No. 2"). *Id.* at 2.  Plaintiff, based on its own review, determined that Class List No. 2 was still incomplete. *Id.*  As such, on January 20, 2021, Plaintiff filed the instant motion arguing that Defendants failed to comply with the District Court's Order. *Id.* at 1–2.  Plaintiff argues that a complete list of putative class members has not been provided, which has foreclosed Plaintiff's ability to determine who may be eligible to join the instant suit.  ECF No. [37] at 3.  Defendants responded, arguing that the failure to provide a complete list is substantially justified because they do not believe salaried employees and employees compensated on an hourly basis were subject to

the District Court's Order.  ECF No. [35] at 3–4.  Yet, along with their Response to Plaintiff's Motion, Defendants submitted a third list of putative class members ("Class List No. 3").  ECF No. [35-2].

As noted above, the Court ordered Plaintiff to provide a list of names Defendants failed to provide on a timely basis and ordered Defendants to respond.  Based on those filings and the arguments of the parties, it is undisputed that five names have *never* been included on any list: (1) Lazaro Gonzales, (2) Milan Novak, (3) Camilo Gonzalez, (4) Eddie Child, and (5) Kevin Cuomo. *See* ECF No. [47] at 3.  At the hearing, Defendants conceded that at least three, if not four, of the names should have been provided to Plaintiff in the first instance.  Two names were provided on January 28, 2021, well over one month after they were due: (1) Roberto Calderin and (2) Leonardo Moreno. *Id.*  Defendants conceded that those names should have been provided by December 14, 2020.  Finally, eight names were not identified until January 19, 2021: (1) Yerani Lebrada, (2) Edgard Miranda, (3) Rafael Dudamel, (4) Oscar Martinez, (5) Anthony Martinez, (6) Santos Rodriguez, (7) Roberto La Fe, (8) Michael Blanco. *Id.* at 4.  At the hearing, Defendants conceded that those names should have been provided by December 14, 2020.

Given Defendants' concessions, there is no dispute that the District Court's Order was not complied with in a timely fashion.  The issue now is what sanction, if any, is appropriate.  To make such a finding, the Court considers two things: (1) was the failure justified or otherwise excusable, and (2) whether the failure resulted in any prejudice.  For the reasons noted below, the undersigned finds that Defendants' failure to comply was not justified because it resulted from a lack of reasonable diligence in responding to the District Court's Order.

At the evidentiary hearing, Defendant Bonilla attempted to justify the deficiencies in Defendants' response.  First, Defendant Bonilla noted that certain names may have been

unintentionally omitted from Class List No.1 because the list was compiled by a supervisor who he only instructed to gather a list of "on call employees who worked more than forty hours." Defendant Bonilla candidly testified that he did not "bother" to verify the list for accuracy. He noted, however, that when he was informed by his counsel that Plaintiff claimed the list was incomplete, a second list was sent to Plaintiff that included additional names. Defendant Bonilla was asked to identify what process he used to respond to the District Court's Order by both Plaintiff's counsel and the Court. Defendant Bonilla offered vague answers, noting simply that he looked at his records.

When asked why the names had not been provided in a timely fashion, Defendant Bonilla testified that the names omitted were employees who were supervisors at the time the list was compiled or were people who had told him that they were not interested in being part of the instant lawsuit. Otherwise, Defendant Bonilla attributes any other omissions to an "honest mistake." He further testified that Lazaro Gonzales, Milan Novak, Eddie Child, Kevin Cuomo, and Camilo Gonzalez were omitted from all class lists because they were compensated on an hourly basis, which included overtime pay, or did not work more than forty hours per week.

The Court finds Defendant Bonilla's testimony unpersuasive. First, there does not appear to be a basis for withholding names based on whether the employees were paid hourly because the plain language of the District Court's Order does not discern between hourly and salaried employees, rather it requires identification of all on-call employees during a three-year period. *See* ECF No. [30] at 6. Second, Defendant Bonilla's contention that certain employees were not added to the list because they expressed their disinterest in forming part of this lawsuit to him is entirely unacceptable. Defendant Bonilla's personal impression regarding the employees who may or may not wish to be part of this suit does not by any means satisfy the notice requirements for collective

5

actions under federal law.  Finally, it was evident to the Court from Defendant Bonilla's testimony that he simply did not exercise the care necessary to ensure that the District Court's Order was complied with in a timely fashion.  Although Defendant Bonilla may not have intentionally withheld names, his failure to comply is unjustifiable because he made little effort to ensure compliance.

The question now turns to whether there is any prejudice that has resulted from the failure to provide a complete list of names to Plaintiff for the purpose of providing class notice.  Plaintiff argues that it is still unsure whether it has a complete list and that notice to all putative class members has now been delayed for several months.  As a remedy, Plaintiff requests all of Defendants' payroll records in order to ascertain for itself who should receive notice, additional time to compete discovery, and a modification of the three-year statute of limitation for damages as to any plaintiff who later joins and whose damages recovery is reduced by virtue of the late notice.  Finally, Plaintiff also requests sanctions against Defendants under Rule 37(b)(2)(C), Federal Rules of Civil Procedure, for reimbursement of the attorneys' fees and costs incurred by Plaintiff in connection with the instant Motion.  ECF No. [33] at 3–4.

The undersigned finds that the delay is not harmless, particularly with discovery deadlines ahead.  We are now three months from the date that the lists should have been completed, and yet, it is still unclear whether Defendants have in fact produced a complete list.  Moreover, the recovery of a former employee could be impacted.  If any of the late-identified employees are no longer employed by Defendants, it is possible that the statute of limitation as to their damages could result in a limited recovery.  For example, if an employee was terminated in December 2019, he would be entitled to, at most, damages dating back three years from the date he filed suit.  If, as results of this delay, his three-year damages period begins in May 2021 as opposed to February 2021, his

recovery is impacted by the delay.  As a result, Defendants could, in theory, be rewarded for late notice.  As such, the undersigned finds that the delay has prejudiced Plaintiff and recommends that the District Court address the prejudice as noted below.

## II.    RECOMMENDATION

The undersigned recommends the following:

First, the undersigned is not satisfied that Defendants, on their now fourth opportunity, will produce a complete list of all putative class members should the Court allow them another opportunity.  Therefore, this Court recommends that Defendants be required to produce complete payroll records for any person employed three years from the date the suit was filed.

Second, if any additional putative class members are identified, said persons should be afforded sixty days from the mailing of the notice to opt in.  In addition, the period of time for which they may recover damages should be set as if they had been given timely notice.  In short, they should be placed in the same position as if they had been given timely notice.

Third, because Plaintiff should be placed in no worse position as a result of Defendants' conduct, the discovery deadlines should be extended by ninety days.

Finally, as to attorneys' fees, the Court does not find that Rule 37 is applicable because the District Court's Order is not a discovery order.  Indeed, Rule 37 authorizes a district court to impose such sanctions 'as are just' against a party that violates an order compelling discovery." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) (quoting Fed. R. Civ. P. 37(b)(2)).  However, the Court has inherent powers to sanction parties when faced with non-compliance with court orders.  *See Bertin v. Zadok Real Estate Holdings, LLC*, No. 10-24508-CIV, 2012 WL 13012463, at *11 (S.D. Fla. Feb. 3, 2012), *report and recommendation adopted*, No. 10-24508-CIV, 2012 WL 13012422 (S.D. Fla. Feb. 23, 2012) (noting that courts have inherent

7

authority to sanction parties by assessing attorneys' fees and costs given the "need to effectively manage the cases before them, and secure the proper functioning of the judicial system, by promoting parties' compliance with court orders, judgments and procedures") (citing *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991)).  Defendants should be ordered to pay Plaintiff his attorneys' fees and costs in connection with preparing the instant motion and attending the hearings related to the motion.  There should have been no need for Plaintiff to have to track down the names and file motions with the Court when the District Court clearly ordered Defendants to do so.  Moreover, and to be clear, the sanction or fee shifting is against Defendants as parties and not their counsel. Indeed, Mr. Bonilla's testimony made clear that he took responsibility for providing or otherwise not providing these names.  Counsel for Plaintiff and Defendants should work together in good faith to determine the amount of fees and costs, but if they cannot do so, they should be ordered to set the issue of the amount to be paid before the undersigned pursuant to the Court's discovery procedures.

Therefore, in accordance with the foregoing Report and Recommendation, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion, ECF No. [33], be **GRANTED**.

## III.    OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court Judge for the Southern District of Florida, within **FIVE (5) DAYS** of being served with a copy of this Report and Recommendation.  Any request for an extension of this deadline must be made within two (2) calendar days from the date of this Report and Recommendation.  The undersigned has shortened these deadlines given that the undersigned ruled at the end of the evidentiary hearing and so the parties have had adequate notice of the undersigned's findings.  Failure to timely file objections will bar a *de novo* determination by the

District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 1st day of April, 2021.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE