## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 19-CV-10190-KING/BECERRA

STEPHEN BUZZELL, JR.
on behalf of himself and others similarly
situated under 29 U.S.C. 216(b),

      Plaintiff,

vs.

FLORIDA KEYS AMBULANCE SERVICE, INC.
and EDWARD BONILLA,

_____Defendants._____/

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
### AND INCORPORATED MEMORANDUM OF LAW

      Defendants, FLORIDA KEYS AMBULANCE SERVICE, INC. (hereinafter "FKAS") and

EDWARD BONILLA (hereinafter "Mr. Bonilla")(collectively the "Defendants"), pursuant to Fed.

R. Civ. P. 56 and the Local Rules of the United States District Court for the Southern District of

Florida, hereby submit this Motion for Summary Judgment and Incorporated Memorandum of

Law as follows:

    1. This is an action by the Plaintiff alleging unpaid overtime wages under the Fair Labor

Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

    2. After written discovery and the taking of depositions, nevertheless, Plaintiff cannot

sufficiently demonstrate the necessary elements of his claims.

    3. As such, and as will be set forth more fully below, Defendants cannot be liable for any

damages that Plaintiff has alleged, and no reasonable juror could find to the contrary.

    4. Defendants are thus entitled to summary judgment in their favor as to any and all liability

to Plaintiff—and this Honorable Court should **GRANT** the instant motion for same.

<u>**MEMORANDUM OF LAW**</u>

**A.      Legal Standards For Summary Judgment**

Federal Rule of Civil Procedure 56(b) provides that a party against whom relief is sought

may move for summary judgment on all or part of the claim. Rule 56(c)(2) further provides:

> The judgment sought should be rendered if the pleadings, the discovery and
> disclosure materials on file, and any affidavits show that there is no genuine issue
> as to any material fact and that the movant is entitled to judgment as a matter of
> law.

The moving party is entitled to summary judgment when the non-moving party fails to

make a sufficient showing on an essential element of his case with respect to which he has the

burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265

(1986). The movant is not required to produce evidence in support of its motion. *Exemar v. Urban*

*League of Greater Miami, Inc.*, 585 F.Supp.2d 1377, 1381 (S.D. Fla. 2008). Nor is the movant

required to produce evidence to disprove an opponent's claim. *Cagle v. Bruner*, 921 F.Supp. 726,

729 (M.D. Fla. 1995). The movant need only establish that, after adequate time for discovery, there

is an absence of evidence to support the non-moving party's case. *Catrett*, 477 U.S. at 325. The

non-movant need not be given the benefit of every inference, but only every reasonable inference.

*Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999).

The court must hear the evidence and all permissible fact inferences in the light most

favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574,

587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The non-movant, however, "must do more than

simply show that there is some metaphysical doubt as to the material fact." *Id.* at 586. Rather than

merely alleging the existence of some factual dispute, the non-moving party must rebut any facts

properly presented by way of affidavits or other evidence demonstrating the existence of a genuine

and material issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 248, 106

S.Ct. 2505, 91 L.Ed.2d 202 (1986). A mere scintilla of evidence in support of the non-movant's position is insufficient to defeat summary judgment. *Louis v. Encore Computer Corp.*, 949 F.Supp. 836, 838 (S.D. Fla. 1996). Similarly, if the evidence is merely colorable or is not significantly probative, summary judgment is proper. *Anderson*, 477 U.S. at 249; *Louis*, 949 F.Supp. at 838.

### B.   Plaintiff Was Not Entitled To Receive Overtime Payments Under The FLSA Because No Employment Relationship Existed With Defendants.

Only "employees" are entitled to protection of the FLSA. A determination of employment status under the FLSA is a question of law. *See Antenor v. D & S Farms,* 88 F.3d 925, 929 (11th Cir.1996); *Brouwer v. Metropolitan Dade County,* 139 F.3d 817, 818 (11th Cir. 1998) (citing *Villarreal v. Woodham,* 113 F.3d 202, 205 (11th Cir.1997)). Subsidiary findings, however, are considered issues of fact. *See Patel v. Wargo,* 803 F.2d 632, 634 n. 1 (11th Cir.1986).

The FLSA, somewhat vaguely, explains what is meant by the term "employee." *Weisel v. Singapore Joint Venture, Inc.,* 602 F.2d 1185, 1188 (5th Cir.1979). For example, 29 U.S.C. § 203(e)(1) defines an "employee" as "any individual employed by an employer." An "employer," in turn, includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). To "employ" is defined as to "suffer or permit to work." 29 U.S.C. § 203(g). Whether an employment relationship exists under the FLSA must be judged by the "economic realities" of the individual case and not by traditional common-law principles. *See Antenor,* 88 F.3d at 929; *Donovan v. New Floridian Hotel,* 676 F.2d 468, 470 (11th Cir.1982). *See also Nationwide Mutual Insurance Co. v. Darden,* 503 U.S. 318, 325-26, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992) (explaining that the definition of employ in the FLSA is expansive and collecting cases).

In applying the "economic realities" test, the courts have identified a number of factors which are useful in distinguishing employees from independent contractors. These factors include

(1) the nature and degree of control of the workers by the alleged employer;

(2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;

(3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers;

(4) whether the service rendered requires a special skill;

(5) the degree of permanence of the working relationship; and

(6) whether the service rendered is an integral part of the alleged employer's business.

*Real v. Driscoll Strawberry Assocs., Inc.,* 603 F.2d 748, 754 (9th Cir.1979) (footnote omitted). No one factor is controlling, nor is the list exhaustive. The factors simply summarize the matters deemed relevant by the Supreme Court in *Bartels v. Birmingham,* 332 U.S. 126, 130, 67 S.Ct. 1547, 91 L.Ed. 1947 (1947), *United States v. Silk,* 331 U.S. 704, 716, 67 S.Ct. 1463, 91 L.Ed. 1757 (1947), and *Rutherford Food,* 331 U.S. at 729, 67 S.Ct. 1473, to help gauge the degree of dependence of an alleged employee on the business with which they are connected.

Plaintiffs were retained by Defendants to transport patients from a hospital to another hospital or the patient's residence.  Def. SMF ¶ 2.  Plaintiffs were required to have their state required certifications and licenses to perform as Paramedics and/or EMTs.  Def. SMF ¶3.  Plaintiffs were required to determine if a patient needed medication, assistance, ventilator support and other aspects of patient care.  Def. SMF ¶4.

Plaintiffs set their own schedules and selected shifts based on their own availability.  Def. SMF ¶5.  Plaintiffs were not required to work any number of shifts and, in fact, Plaintiffs were free to work at other jobs and return anytime the wanted.  Plaintiff Buzzell left for over a month and then later started selecting shifts again.  Def SMF ¶6  He was not required to re-apply or inform the Defendants that he would be absent.  Def SMF ¶6  Plaintiffs were paid either a flat rate of

$325, primarily for supervisors or they were paid $135 to be on-call for a 24 hour period.  Def SMF ¶9.  In addition, Plaintiffs were paid a 'per-trip' fee of between $25 and $175 depending on trip distance.  Def. SMF ¶9.  When Plaintiffs were hired through a staffing agency and were informed of the on-call nature of their work with Defendants.  Def. SMF ¶10.

In summation, Defendants exercised little control over Plaintiffs' work; Plaintiffs were able to schedule their shifts based upon their availability.  Plaintiffs opportunity for profit or loss was directly contingent on their11 work and availability; the services Plaintiff provided required special skills, training, and experience; and Plaintiffs could stop performing work for Defendants at any time and resume at their leisure. When these facts are taken together, no employment relationship existed between Plaintiffs and Defendants. Plaintiff's claims, therefore, necessarily fail, and Defendants are entitled to summary judgment.

### C.      Plaintiffs Were Able to Use their On-Call Time for Meaningful Personal Pursuits and As a Result The On-Call Time Is Not Compensable.

In the event the Court determines that the Plaintiff's were employees, Defendants are still entitled to summary judgment as the on-call time is not compensable.  "[A]n employee's free time must be severely restricted for off-time to be construed as work time for purposes of the FLSA." *Birdwell v. City of Gadsden*, 970 F.2d 802, 810 (11th Cir. 1992)(citations omitted).  In *Caiazza v. Marceno*, Case No.: 2:18-cv-784-FtM-38MRM, (M.D. Fla. Oct. 3, 2020), Patrol Officers were on-call for a twelve-hour period and had to respond to calls within one hour.  *Id.* At  *2.  The Court in *Caiazza* noted that this effectively restricted the Plaintiff to the Islands and their surrounding water while on call.  *Id.*  The Plaintiff in *Caiazza* indicated he wouldn't grill out as he might have to leave the grill, couldn't watch TV because he might have to leave during a show and otherwise couldn't engage in personal activities because those activities might be interrupted.  *Id* at. *7.  The

court noted that "the possibility a work call will disrupt an employee's pursuits is an inconvenience every on-call employee must deal with.  *Id. (*citing *Gaylord v. Miami-Dade Cnty.,* 78 F. Supp. 2d 1320, 1325 (S.D. Fla. 1999).   The court went on to note that while geographic and temporal restrictions limited some activities, like going to a movie theatre or certain stores, the restrictions were not so harsh that Caiazza could not use the time for his own benefit.  *Id.*

In the instant case, Plaintiffs could not drink alcohol while on call.  Def. SMF ¶11.  That and the ability to respond within 30 minutes, were the only restrictions.  Def. SMF ¶11.  Employees were free to go to the movies, diving, go to the shooting range, go out to dinner, play video games and sleep while on call.  Def. SMF ¶12.  Employees had to respond to a call within 30 minutes. Def. SMF ¶11.  If they were unable to make the call within 30 minutes they could switch the call with another unit or check to see if they could arrive later than 30 minutes.  Def. SMF ¶11.  While repeated failures to make a call on-time would result in oral reprimands, no employee was ever suspended or terminated for not responding to a call within 30 minutes.  Def. SMF ¶11.  Indeed, even Plaintiff Buzzell notes that there were no restrictions placed on their activities while on call, save to not drink alcohol.  Def. SMF ¶11 (citing Depo. Buzzell, P. 24 ll. 12-19)  While the number of calls per shift varied, the average was between zero and 2 calls per shift.  Def. SMF ¶13.  Each call resulted in a drive of between 2.8 and 165 miles, or roughly 15 minutes to three hours with the longest drives taking roughly 6 hours from start to return to station.  Def. SMF ¶13.

The evidence demonstrates that Plaintiffs were able to engage in meaningful personal pursuits while on-call.  There were no restrictions placed on them except to not drink alcohol and respond within 30 minutes.  Even responding within 30 minutes had exceptions and the personnel worked together to ensure patients were transported.  Def. SMF ¶13.  As a result, Plaintiffs on-call time is not compensable.

**WHEREFORE**, based upon the factual and legal arguments set forth above, along with the Statement of Material Facts filed contemporaneously with this motion, Defendants respectfully request that the instant motion be **<u>GRANTED</u>**—that summary judgment be entered in their favor, and against Plaintiff, as to any and all liability for Plaintiff's claim.

Dated April 7th, 2022

Respectfully submitted,

__*/s/* Theron Simmons_____
Theron Simmons, Esq.
Florida Bar No.: 0623385

Theron Simmons, PLLC
*Counsel for Defendants*
101 NE 3rd Ave.
Suite 1500
Ft. Lauderdale, FL 33301
Telephone (954) 332-3706
Facsimile (954) 356-0406

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on April 7, 2022 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>   /s/ Theron Simmons, Esq   </u>
Theron Simmons, Esq.
Florida Bar No.: 0623385

**SERVICE LIST**

Dana M. Gallup, Esquire
dgallup@gallup-law.com
GALLUP AUERBACH
4000 Hollywood Boulevard
Presidential Circle, Suite 265 South
Hollywood, Florida 33021
(954) 894-3035 (Telephone)
(954) 894-8015 (Facsimile)
Co-counsel for Plaintiff


Robert S. Norell, Esquire
rob@floridawagelaw.com
ROBERT S. NORELL, P.A.
300 N.W. 70th Avenue, Suite 305
Plantation, Florida 33317
(954) 617-6017 (Telephone)
(954) 617-6018 (Facsimile)
Co-counsel for Plaintiff