UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 4:19-cv-10190-JLK

STEPHEN BUZZELL, JR.
on behalf of himself and others similarly
situated under 29 U.S.C. 216(b),

    Plaintiff,
vs.

FLORIDA KEYS AMBULANCE SERVICE, INC.
and EDWARD BONILLA,

    Defendants.
_____/

**ORDER DENYING CROSS
MOTIONS FOR SUMMARY JUDGMENT (DE 66, 68)**

THIS CAUSE is before the Court on the parties' cross-motions for summary judgment. Plaintiffs' Motion for Partial Summary Judgment was filed April 7, 2022 (DE 66). Defendants' Motion for Summary Judgment was filed April 7, 2022 (DE 68). The Court has also considered the Response and Reply briefs (DE 72, 74, 79, 80), each party's Statement of Material Facts (DE 67, 69, 73, 75, 81), and the pertinent portions of the record.

**I.    BACKGROUND**

Plaintiffs, as a class, are suing Defendants for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") on November 1, 2019. DE 1. Plaintiffs worked as on-call emergency medical technicians ("EMTs") and paramedics during their alleged employment for Defendants between the relevant period of November 2016 through November 2019. *See* DE 67 ¶¶ 42–46. Plaintiffs claim they are entitled to compensation for their time spent "on-call." DE 1. Now, both parties have moved for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate where there is "no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). An issue is genuine if a reasonable jury could return a verdict for the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). A fact is material if it may affect the outcome of the case under the applicable substantive law. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

If a reasonable fact finder could draw more than one inference from the facts, creating a genuine issue of material fact, summary judgment should not be granted. *Samples ex rel. Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988). The moving party has the burden of establishing both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). On a motion for summary judgment, the court views the evidence and all reasonable inferences in the light most favorable to the non-moving party. *Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006).

## III. DISCUSSION

In moving for summary judgment, Defendants argue they are entitled to summary judgment because (1) Plaintiffs are not "employees" under the Fair Labor Standards Act and (2) Plaintiffs have failed to establish the elements of their overtime claims as a matter of law and Plaintiffs' "on-call" time is not compensable. DE 68. Raising similar issues, Plaintiffs argue that they have established the elements on their overtime claims, and they are entitled to judgment in their favor as a matter of law. *See* DE 66. However, the arguments and statements of fact presented

by each side create issues of fact that must be resolved by the jury at trial, not by the Court on summary judgment. As such, summary judgment for both parties is denied.

### A. Independent Contractor vs. Employee

The FLSA does not apply to independent contractors. *See Murray v. Playmaker Servs. LLC*, 512 F. Supp. 2d 1273, 1276 (S.D. Fla. 2007). Rather, the FLSA only applies to "employees," which are "individual[s] employed by an employer." 29 U.S.C. § 203(e)(1). Whether an individual qualifies as an employee or independent contractor is a question of law for the Court. *Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir. 1996). Accordingly, courts look to the "economic reality" of the relationship between the parties and whether the relationship demonstrates dependence. *See Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013); *see also Bartels v. Birmingham*, 332 U.S. 126, 130 (1947) ("[E]mployees are those who as a matter of economic reality are dependent upon the business to which they render service."). The "economic realities test" includes six factors, discussed in detail below. No single factor is dispositive, and courts may consider any combination of factors that accurately reflects the economic reality of the relationship. *Murray*, 512 F. Supp. 2d at 1277.

### 1. Control

The first factor considers the degree of the alleged employer's control over the manner in which work is to be performed. "Control is only significant when it shows an individual exerts such a control over a meaningful part of the business that she stands as a *separate economic entity*." *Scantland*, 721 F.3d at 1313 (emphasis added) (quoting *Usery v. Pilgrim Equip. Co., Inc.*, 527 F.2d 1308, 1312–13 (5th Cir. 1976)). The Court concludes that genuine issues of material fact remain as to the extent of Defendants' control over Plaintiffs' work.

3

In the instant case, Defendants claim that Plaintiffs were able to set their own schedule and selected their shifts based on their availability, were not required to work a certain number of shifts, were free to work other jobs and return any time they wanted. DE 68 at 4; DE 69 ¶ 5. In fact, Defendants claim that class representative Plaintiff Buzzell left for over a month before returning to work and was not required to notify Defendants he would be absent. *Id.* ¶ 6. Conversely, Plaintiffs states that they were not actually allowed to choose their own shifts, rather they provided their availability and Defendants would schedule them. DE 73 ¶ 27–28. Additionally, once Plaintiffs arrived for their shift, they had to wait to be assigned work by the Defendants. *Id.* ¶ 29.

Genuine issues of material fact remain as to the amount of control exercised by Defendants, supporting denial of summary judgment on the "independent contractor" argument. The parties dispute whether they could even choose their own shifts among other aspects of "control." Because of this dispute, these arguments may be raised at trial where the jury will decide.

### 2. Opportunity for Profit or Loss

The second factor considers the alleged employee's opportunity for profit or loss based on his or her managerial skill. Defendants assert that Plaintiffs were either paid a flat rate of $325 or they were paid $135 to be on-call for a 24-hour period. DE 69 ¶ 9. Additionally, Plaintiff were paid a per trip fee of between $25 and $175 depending on the trip distance. *Id.* Defendant also claims that Plaintiff were free to accept other work and that their profit or loss was directly contingent on their availability. DE 68 at 4–5. In response, Plaintiffs state that there is no evidence that Plaintiffs had an opportunity for profit or loss based on that fact that they were hourly workers whose wages depended on the number of hours they worked. DE 72 at 7.

The Court concludes that Plaintiffs' opportunity for profit or loss was largely based on the amount of shifts for which they were scheduled, which suggests an employer-employee relationship. However, the Court finds that this issue could benefit from a more thoroughly developed record and that genuine issues of material fact remain, which should be decided at trial.

### 3. Investment in Equipment or Materials

The third factor considers the alleged employee's degree of investment in equipment or materials. Plaintiffs claim that there is no evidence to suggest that Plaintiffs were required to obtain their own equipment or materials. DE 72 at 7. Rather, Plaintiffs claim they were required in the employee handbook to maintain Defendants' equipment and replenish the ambulance with materials from supplies at the station. Id.; DE 73 ¶ 70. Defendant provides no evidence to the contrary, so the Court finds this factor weighs in favor of employee status. However, this factor could benefit from a more thoroughly developed record.

### 4. Special Skill

The fourth factor considers the amount of special skill required to complete the alleged employee's duties and tasks. Defendants state that Plaintiffs were required to have their own state certifications and licenses to work as EMTs and paramedics. DE 69 ¶ 3. Plaintiffs were also required to use these certifications and licenses to determine what medical assistance a patient needed and provide other aspects of patient care. Id. ¶ 4. Because Defendants did not provide Plaintiffs with those necessary skills, Defendants argue that Plaintiffs were not employees. DE 68 at 5. In response, Plaintiffs claim that Defendants made these certifications and licenses a job requirement and did not treat the Plaintiffs as independent entities. DE 72 at 7; DE 73 ¶ 40. Overall, this factor weighs in favor of independent contractor status. However, the Court finds that a dispute of factual issues remains on this point precluding summary judgment.

### 5. Permanence and Duration

The fifth factor considers the permanence and duration of the alleged employment relationship. Here, Plaintiffs worked for Defendants from November 2016 through November 2019. *See* DE 67 ¶¶ 42–46. Defendants state that class representative Plaintiff Buzzell left for over one month without notifying Defendants before he returned and started selecting shifts again (DE ¶ 6), suggesting that Plaintiffs were independent contractors because they were not consistently employed by Defendants. However, Plaintiffs argue that the employee manual that governed Plaintiffs required them to obtain coverage or "be considered AWOL" if they failed to call out of an assigned shift and were subject to suspension for missing three or more assigned shifts. DE 73 ¶¶ 34–35. Because the parties dispute whether Plaintiffs were free to stop working at any time and had the opportunity to take on other jobs, genuine issues of material fact remain precluding summary judgment.

### 6. Integral Part of Alleged Employer's Business

The sixth and final factor considers the extent to which the alleged employee's services are integral to the alleged employer's business. "[W]hen the business's continuation depends integrally upon the performance of certain work, *the worker who performs that work* is more likely to be considered an employee and not an independent contractor." *Zouai v. Evans*, Case No: 14-23936-CIV-MORENO, 2015 WL 4768293, at *4 (S.D. Fla. Aug. 11, 2015) (emphasis added).

This factor weighs in favor of employee status in the instant case. There is no evidence in the record suggesting that Defendants could complete a call for emergency medical transportation without the EMTs and paramedics to provide these services. The test is whether the services

rendered are integral, not whether the employee himself is integral to the business.[1] In any event, this factor could benefit from a more thoroughly developed record.

### 7. Weighing the Factors

Based on the factors set forth above, the Court finds that numerous genuine issues of material fact preclude summary judgment on this argument. The determination of whether Plaintiffs were employees of Defendants is more appropriately decided by a jury at trial.

### B. Overtime Claim

Defendants also move for summary judgment on Plaintiffs' claims for overtime wages, arguing that summary judgment is warranted even if Plaintiffs are employees because they did not meet the elements of their overtime claims. Conversely, Plaintiffs move for summary on this point arguing that they have met the elements of their claims. Upon consideration, and being otherwise fully advised, the Court concludes that both motions for summary judgment on Plaintiffs' overtime claims should be denied.

The Fair Labor Standards Act requires employers to provide overtime compensation at the rate of "time and a half" to employees for all hours worked beyond forty hours in a given week. 29 U.S.C. § 207(a)(1). An employee "has the burden of proving that he performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Whether employees are working during on-call periods for purposes of the FLSA "depends on the degree to which the employee may use the time for personal activities." *Birdwell v. City of Gadsen*, 970 F.2d 802, 807 (11th Cir. 1992). Time where an employee is "engaged to wait" is

---

[1] "Courts have routinely noted that the presence of exotic dancers [is] essential, or obviously very important, to the success of a topless nightclub." *McFeeley v. Jackson St. Entm't, LLC*, 47 F. Supp. 3d 260, 273 (D. Md. 2014) (internal quotations omitted). Courts have held exotic dancers to be employees despite their services being easily performed by other individuals with similar skillsets. The service itself is what's integral to the business. So too here.

compensable time under the FLSA, and time that an employee is "waiting to be engaged" is not compensable time under the FLSA. *Rodriguez v. Carey Intern., Inc.*, 2004 WL 5582173 at *4 (S.D. Fla. Sept. 15, 2004).

Defendants argue that Plaintiffs time spent on-call was not severely limited and Plaintiffs were able to engage in meaningful personal pursuits. DE 68 at 6. Defendants contend that the only restrictions on Plaintiffs' on-call time was that they could not drink alcohol and had to respond to the calls within 30 minutes. *Id.* On the other hand, Plaintiffs argue that their on-call time is compensable due to the nature of the work (which required Plaintiffs to be prepared to give life-saving interventions and medical treatment); geographic restrictions and short call response times; call frequency and duration; restrictions regarding wearing uniforms and Plaintiffs' ability to sleep; and the disciplinary actions resulting from refusing to respond to a call which all severely restricted their time while on-call. DE 66 at 13–16.

Plaintiffs state that Defendants discouraged EMTs from engaging in personal activities and provided sleeping quarters for on-call employees because some employees lived far away from the station. DE 67 ¶¶ 32, 41. Plaintiffs claim their time was restricted in that they could not attend doctors' appointments, care for children, entertain guests, go to the movies, or schedule deliveries or repairs at their home. *Id.* ¶ 66, 67. However, Defendants state that Plaintiffs were free to go to the movies, go diving, go to the shooting range, go out to dinner, play video games, and sleep during their on-call time. DE 68 at 6, DE 69 ¶ 12. Defendants also assert that Plaintiffs were free to switch the call for another unit if they could not make the call within 30 minutes. *Id.*; DE 69 ¶ 11. Therefore, the Court finds that there are still genuine issues of material fact, which should be decided at trial and summary judgment for both parties should be denied.

Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that Plaintiffs' Motion for Partial Summary Judgment **(DE 66)** be, and the same is, hereby **DENIED**.

It is further **ORDERED and ADJUDGED** that Defendants' Motion for Summary Judgment **(DE 68)** is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 13th day of June, 2022.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:   **All counsel of record**