**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**KEY WEST DIVISION**

CASE NO. 4:19-cv-10190 -JLK

STEPHEN BUZZELL, JR. et. al.,

    Plaintiff,
v.
FLORIDA KEYS AMBULANCE
SERVICE, INC. et. al.,

    Defendant.
_____/

## ORDER OF DISMISSAL

A trial by jury was commenced in the above-styled case on August 22, 2022. The Plaintiff produced Steven Buzzell, Jr. as its first of three witnesses counsel intended to call to give sworn evidence of the class action complaint for which Mr. Buzzell was the class representative.

In his sworn, and in the opinion of this judge truthful, testimony, he told the details of his employment with Edward Bonilla, Chief Executive Officer of Florida Keys Ambulance Service, Inc., and he told in clear and unequivocal detail his agreement to work on either 12-hour shifts or 24-hour shifts for which he was to be paid $100 per shift for the 24-hour shift and $50 per day for each 12-hour shift. This was regardless of the number of calls that he had to respond to and deliver patients after he got the call from Defendant's personnel telling him of the details of where to pick up and deliver the person. Further, Plaintiff Buzzell testified "that the contract between the parties was that whatever he did on his time shift, as long as he met the requirements of answering the phone calls -- that is, sleep, go to movies, do anything -- that as long as he was there available, he was complying and he was due his money . . ."

Further, his testimony was clear that for every shift he worked he was given the agreed upon amount of $100 for the 24-hour shift and $50 for the 12-hour shift. Over the extended period of time he was employed by Defendant he did not, quite understandably, have any evidence of the actual checks that he received. However, he believes that he was paid under this contract in full.

At least, if he has any complaint about the payments he received over the extended number of years that he worked for the company, he did not make any formal complaint to the company about earning or not being paid overtime wages for each shift. On this basis, Plaintiff's testimony that his contract with his employer, he believes oral but there may have been something in writing, had an agreed salary for each shift worked, and it was paid. On these circumstances, no breach of contract was proven and no failure of payment for lost wages or damage to the Plaintiff or the class was established. With no testimony from Plaintiff of facts proving overtime performed and no damage, the Court inquired of counsel if he had any witnesses for the Plaintiff he intended to produce that would testify conversely to his lead Plaintiff.

The conversation is in the record regarding Plaintiff's counsel that he had two other members of the class whose testimony would be the same, and certainly not contradictory to the lead class member, Mr. Buzzell. The colloquy between argument of counsel of both parties and the Court indicates very clearly that there was no breach and no damages, either established or forthcoming from Plaintiff to entitle him to consideration by the jury.

The Court admittedly determined, contrary to Federal Rule of Civil Procedure 50[1], took the unusual step of not waiting until the conclusion of the witnesses Plaintiff intended to call and

---

[1] Federal Rule of Civil Procedure 50 states that "If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue."

announced a judicial decision to enter a directed verdict judgment for the Defendant. The quality of oral argument of counsel for the Plaintiff and Defendant together with the Court's questions and inquiries, reflect the Courts reasons and rationale in determining that it would take the unusual position of determining the issue before the resting of Plaintiff's case. Certainly, it would have been better procedure for the Court to have listened to the other two witnesses for Plaintiff who had no contradictory evidence of the proof of that point which established no breach and no damages before taking the action of directing a verdict, discharging a jury, and ruling for dismissal with prejudice of the case. However, the record stands with a thorough, full discussion of the issue and the action taken by the Court.

Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that the ruling of the Court **(DE 93)** be, and the same is, hereby **AFFIRMED**. The case stands **DISMISSED WITH PREJUDICE.**

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 24th day of August, 2022.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**cc:**   **All counsel of record**