UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.:19-10190-CIV-MORENO

STEPHEN BUZZELL, JR., et al.,

    Plaintiffs,

vs.

FLORIDA KEYS AMBULANCE SERVICE,
INC. and
EDWARD BONILLA,

    Defendants
_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION TO RECONSIDER AND VACATE ORDER
DISMISSING PLAINTIFFS' ACTION AND FOR A NEW TRIAL**

Defendants, Florida Keys Ambulance Service and Edward Bonilla, by and through undersigned counsel, hereby files its Response in Opposition to Plaintiffs' Motion to Reconsider and Vacate Order Dismissing Plaintiffs' Action and For A New Trial [DE-104]

The case was dismissed with prejudice by Judge Lawrence King by order dated August 24, 2022. [DE – 96]. Plaintiff appears to make an argument that the transferring of the case on the same day but prior to the entry of the order would nullify the order, however this Court on August 29, 2022 made it clear that the transfer of the case and the entry of the order was simply the result of actions taken by clerks and not any intention on the part of Judge King or anyone else to circumvent the transfer of the case. As a result, Defendants take the position that this case was dismissed and the case is closed. Plaintiff spends some time in their motion arguing that Rule 59 applies and no final judgment has been entered and thus this court maintains jurisdiction.

Defendants' position is that this Court, having held the hearing on August 24, 2022 and setting the briefing schedule supersedes any timeliness issue in Plaintiff's filing of a motion to reconsider or any other motions or responses.

Notwithstanding the procedural history, this Court set a briefing schedule [DE 101], Plaintiffs filed their Motion for Reconsideration pursuant to that schedule and Defendants file this response.

The standard of review for "a motion for reconsideration is that the moving party must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Instituto de Prevision Militar v. Lehman Bros., Inc.,* 486 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007)(citing *Socialist Party v Leahy*, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997).

In addition, the applicable standard of review for a new trial is contained in Federal Rule of Civil Procedure 59(a)(2) which provides that "the court may, on motion for a new trial, open the judgment... take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment" after a judgment has been entered in a nonjury trial. Fed.R.Civ.P 59(a)(2).  Rule 59(a)(1) provides that a motion may be granted after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed.R.Civ.P. 59(a)(1).

"Although a comprehensive list of the grounds for granting a new trial is elusive, the Supreme Court has held that a motion for new trial may rest on the fact that 'the verdict is against the weight of the evidence, that damages are excessive, or that, for other reasons, the trial was not

fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury.' " *Johnson v. Clark*, 484 F.Supp.2d 1242, 1246 (M.D.Fla.2007)(quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147 (1940)).

I.   **Plaintiff's Motion Should Be Denied As the Transcript Demonstrates that Judge King Ruled Appropriately.**

Plaintiff now files a motion for reconsideration in front of a subsequent Judge assigned to this matter. Plaintiff has done so by alleging that Judge King "no longer has the physical or mental capacity to preside over a trial." The transcript of the proceedings evidences that the opposite of that allegation is true. Judge King presided over the trial in this matter, conducted jury *voir dire*, made rulings of law, asked questions of the Plaintiff, and otherwise demonstrated he is more than capable of handling his duties. That standing alone should be reason enough to deny Plaintiffs any relief they now seek. It now appears from the instant motion that Plaintiffs simply disagree with the Court's ruling and seek a different conclusion and used spurious accusations against the Judge to get to this point.

In addition, Plaintiffs have not made any contentions that would be considered distinct or separate from the issues already tried to demand a new trial. The Court should not grant a motion for a new trial "merely because the losing party can probably present a better case on another trial." *Spadaro v. City of Miramar*, CASE NO.: 11-61607-CIV-COHN/SELTZER, at *5 (S.D. Fla. Sep. 23, 2013)(citing *Hudson v. Chertoff*, 473 F. Supp. 2d 1279, 1285 (S.D. Fla. 2007).

To be clear, Counsel for Plaintiff attempted, during their opening statement to give a closing argument. Opening statements have a "narrow purpose and scope. It is to state what

evidence will be presented, to make it easier for the jurors to understand what is to follow, and to related parts of the evidence and testimony to the whole; it is not an occasion for argument." *United States v. Dinitz*, 424 U.S. 600, 612 (1976)(Chief Justice Burger concurring). In fact, a "trial judge is under a duty, in order to protect the integrity of the trial, to take prompt and affirmative action to stop such professional misconduct." *Id.*

Plaintiff spends 12 pages in their Motion for Reconsideration essentially cherry-picking various testimony from the trial and then providing a narrative of Plaintiffs' view of how the trial went. Defendants would request that this Court review the entire transcript. As noted in *Hardin v. City of Gadsden*, "[i]n determining the relevant facts, a reasonable person would review the entire 672 pages of the trial transcript instead of relying on the seventeen pages appended to the City's recusal motion." *Hardin v. City of Gadsden*, 821 F. Supp. 1446, 1451 n.14 (N.D. Ala. 1993). As in *Hardin*, we would request the Court review the entire trial transcript, [DE – 104, Exhibit A] not simply the parts Plaintiffs have selected to place in their motion and then provide a narrative. It is worth noting that the Plaintiffs do not point out that their opening statement contained argument and more resembled a closing argument than an opening statement. They do not point out that counsel for Plaintiff did not ask the Plaintiff to identify himself when he took the stand. Plaintiffs do not highlight the fact that there were multiple objections raised by defense counsel to the materiality of the questions or that multiple questions by Plaintiff's counsel called for speculation. However, a full review of the transcript will demonstrate that much of Plaintiffs' counsel's comments and questions were irrelevant or required the witness to engage in pure speculation.

Furthermore, Fed. R. Evid. 614 provides that a Court may call a witness "on its own or at a party's request". The rule further provides that a court may examine a witness regardless of who

calls the witness. Counsel for Plaintiffs, in the instant case, refused to accept the Judge's ruling. The Judge made a ruling that Plaintiff's counsel could not ask the Plaintiff to speculate but only ask questions that related to facts.

II. **The Motion Should Be Denied As The Trial Judge Acted Appropriately Under the Circumstances.**

Plaintiff argues that a new trial should be granted because the Court acted as an advocate for Defendant's position and belittled counsel. It is notable that most of the questioning of the witness and instructions to counsel that Plaintiff has asserted were belittling occurred outside of the presence of the jury. Plaintiff cites *Sec. & Exch. Comm'n v. Levin*, 849 F.3d 995, 1007 (11th Cir. 2017) as supporting his position. However, that case held that for a Plaintiff to prevail on the "alleged improper comments by the district court, there must be a 'clear effect on the jury.'" *Sec. & Exch. Comm'n v. Levin*, 849 F.3d 995, 1007 (11th Cir. 2017)(citing *United States v. Hill*, 643 F.3d 807, 845 (11th Cir. 2011). Moreover, that case also held that the issue must be preserved for appeal. "In order to preserve an objection, a party should lodge the objection at the next available opportunity when the jury is not present." *Id.*(citing *Hanson v. Waller,* 888 F.2d 806, 813 (11th Cir. 1989). As Plaintiff did not lodge any objections to the Judge questioning the witness, such objection should be waived and the questioning must constitute "plain error." *Id.* As in the *Levin* case cited by Plaintiffs, this court should deny the motion as the judges questioning did not "seriously affected the fairness, integrity, or public reputation of his trial." *Id.(*citing *United States v. Vandergrift,* 754 F.3d 1303, 1307 (11th Cir. 2014).

Plaintiff also cites *United States v. Hickman* for the proposition that the court was belittling counsel and "thwarting counsel's attempt to ask relevant questions". The Court in *United States v. Hickman* noted that the "judge is not a mere moderator, but is the governor of the trial for the

purpose of assuring its proper conduct and of determining questions of law." *United States v. Hickman,* 503 F.2d 931, 932 (6th Cir. 1979). In the instant case, a review of the transcript demonstrates that the Judge made a ruling on an issue of law, and counsel for Plaintiff refused to accept that ruling, spending over an hour arguing with the Judge on his ruling of law.

Counsel for Plaintiff also attempted to ask the witness about documents the witness had never seen. While Plaintiffs' counsel and Defendants' counsel may have agreed not to object to the entry of a large number of exhibits, that does not mean counsel does not have to lay down a foundation, identify the document and its relevance and whether the witness can identify the document. It is well-settled that the order of proof is in the discretion of the trial court. *See e.g. Geders v. United States,* 425 U.S. 80, 86, 96 S.Ct. 1330 1334 (1976). Even if counsel stipulates to the admissibility of evidence, the evidence must still be introduced, identified, and questions about the document must be made. Stipulating as to the admissibility does not, for instance, allow hearsay statements to be made about the documents.

### III.   A New Trial Should be Denied As the Dismissal Was Appropriate

At 2:05 p.m. Counsel and the Judge went sidebar and the jury exited the room. The next hour was largely spent with Plaintiff Counsel arguing with the Judge about his ruling on an issue of law. While Plaintiffs could have appealed the Judge's ruling, they, through their counsel, instead accused the Judge of being mentally and physically incapable of trying a case. The transcript demonstrates that the Judge was fully capable of making rulings and conducting the trial. He was pleasant with prospective jurors and witnesses. While counsel for Plaintiff may feel the Judge belittled him, it is clear from the record that counsel for Plaintiff was unfamiliar with, at the very least, opening statements and introducing witnesses.

Plaintiff in his motion attempts to reassert that on-call time was compensable. Plaintiff, as he did in the trial, continues to miss the point. Plaintiff cannot use the legal theory to prove his case. He must do that through evidence and testimony. The testimony must be admissible, and not conjecture, guessing or speculation. Plaintiff's counsel was essentially asking the witness to speculate on what he could do when off-duty. Not only is such a question calling for speculation but it is also not material to the matter. What Plaintiffs can do when they are off-duty is irrelevant. Plaintiffs' argument essentially boils down to "we should be able to ask witness to speculate and make things up on the stand without objections." Trial practice has other requirements. Testimony must be appropriate and not speculation, hearsay or otherwise objectionable.

A *sua sponte* directed verdict prior to the close of plaintiff's evidence is appropriate when it becomes apparent that the Plaintiff will be unable to prove their case. *See e.g. Insinga v. LaBella,* 845 F.2d 249, 251 (11th Cir. 1988)(granting a *sua sponte* directed verdict to defendant). In fact, Rule 50(a) provides that "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue the court may . . .grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed.R.Civ.P. 50(a).

## Conclusion

For the above stated reasons Defendants request this Court deny Plaintiff Motion for Reconsideration, deny their request for a new trial and such further relief as this Court deems just and proper.

Respectfully Submitted,

*/s/ Theron Simmons*

Theron Simmons, Esq.
**THERON SIMMONS, PLLC**
101 N.E. 3rd Avenue, Suite 1500
Fort Lauderdale, Florida  33301
(954) 332-3706 (Telephone)
(954) 356-0406 (Facsimile)

By  /s/Theron Simmons

Theron Simmons (Fla. Bar 623385)
tsimmons@law-bsa.com
Co-counsel for Defendants

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically through the clerk of the court by using the Southern District of Florida CM/ECF filing system, on this 31st Day of October, 2022, on all counsel or parties of record on the Service List below.

/s/ Theron Simmons, Esq

**Service List:**

Dana M. Gallup, Esq.
E-Mail: dgallup@gallup-law.com
Jacob Auerbach, Esq.
E-Mail: jauerbach@gallup-law.com
GALLUP AUERBACH
4000 Hollywood Boulevard Presidential Circle –
Suite 265 South Hollywood, FL 33021
Telephone: (954) 894-3035
Facsimile: (954) 894-8015
Co-counsel for Plaintiffs

| | |
|---|---|
| Robert S. Norell, Esq. | Rainier Regueiro, Esq. |
| E-Mail: rob@floridawagelaw.com | E-Mail: rainier.regueiro@gallardolawyers.com |
| ROBERT S. NORELL, P.A. | GALLARDO LAW FIRM, P.A. |
| 300 N.W. 70th Avenue Suite 305 | 8492 SW 8th St. |
| Plantation, FL 33317 | Miami, FL 33144 |
| Telephone: (954) 617-6017 | Office: (305) 261-7000 |
| Facsimile: (954) 617-6018 | Co-counsel for Defendants |
| Co-counsel for Plaintiff | |