UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-10190-CIV-MORENO (formerly KING)

STEPHEN BUZZELL, JR., et al.,

        Plaintiffs,

vs.

FLORIDA KEYS AMBULANCE SERVICE,
INC. and EDWARD BONILLA,

        Defendants.
_____/

## ORDER VACATING DISMISSAL OF PLAINTIFFS' ACTION DURING THE JURY TRIAL AND GRANTING A NEW TRIAL

    This is a collective action under the Fair Labor Standards Act. 29 U.S.C. § 207. Plaintiffs work for an ambulatory medical service, which requires them to be on call. The issue in the case is whether the Plaintiffs received proper overtime compensation for time spent on call waiting to be engaged in work attending to medical emergencies. A jury trial began on this case before United States District Judge James Lawrence King. During the Plaintiffs' case-in-chief, Judge King limited the evidence to the parties' employment agreements and excluded evidence regarding the Plaintiffs' activities (or limitations on those activities) while on call. Plaintiffs repeatedly sought to present evidence that while on call their personal freedom was restricted such that overtime compensation was due under the Fair Labor Standards Act. Judge King did not find the evidence material.

    During Plaintiff Stephen Buzzell's testimony and before the Plaintiffs rested, the trial judge entered a "directed verdict"[1] in favor of the Defendants. The record indicates that he ruled

---

[1] A directed verdict is the traditional phrase commonly used pursuant to Federal Rule of Civil Procedure 50 that allows a court to grant "judgment as a matter of law."

as follows: "I am ruling that he was paid every dime he was supposed to be paid under the contract as it has been testified by the plaintiff in this case of $50 per time and a hundred dollars other times. And, therefore, the case will be dismissed[.]" (Tr. 141). The judge added that the "contract between the parties was that whatever he did on this time shift, as long as he met the requirements of answering the phone calls – that is, sleep, go to movies, do anything – that as long as he was there available, he was complying and he was due his money, and there's no evidence that he wasn't paid his full shift for that. . . [T]here is no evidence that he was due to be paid more money than the $50 and $100, no matter how many trips he took in a given day." (Tr. 142).

Consistent with the ruling in open court, the trial judge entered an Order of Dismissal. In that Order of Dismissal, the trial judge recognized that "[t]he Court admittedly determined, contrary to Federal Rule of Civil Procedure 50, took the unusual step of not waiting until the conclusion of the witnesses Plaintiff intended to call and announced a judicial decision to enter a directed verdict judgment for the Defendant. . . . Certainly, it would have been better procedure for the Court to have listened to the other two witnesses for plaintiff who had no contradictory evidence of the proof of that point which established no breach and no damages before taking the action of directing a verdict, discharging a jury, and ruling for dismissal with prejudice of the case." (D.E. 96 at 2-3).

Prior to the entry of any written order of dismissal or a separate written final judgment, Chief Judge Cecilia M. Altonaga transferred the case to the undersigned judge, who held a status conference. At the status conference, the parties stipulated to dismissal of the breach of contract claim. The Court allowed the parties to file motions relating to the trial and set a briefing schedule.

At the time of the status conference, the corporate defendant, Florida Keys Ambulance

2

Service, Inc., was in the midst of bankruptcy proceedings. After the status conference, Plaintiffs filed a motion for reconsideration of the rulings made during the original trial, including the order precluding the employees from presenting evidence regarding the limitations on their personal activities during on-call periods. The Plaintiffs moved to vacate the dismissal and asked for a new trial. The Court grants the motion to vacate the improvident dismissal, which the trial judge recognized as being "contrary to Federal Rule of Civil Procedure 50" before Plaintiffs had rested their case. The Court grants the motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a). Because the record reflects the corporate defendant is in bankruptcy proceedings, the automatic stay may preclude the case from going further. Therefore, the parties must file a status report by February 14, 2023 and every 90 days after to advise the Court of the status of such bankruptcy proceedings. In the meantime, the case is stayed.

## **Legal Analysis**

Plaintiffs' motion for reconsideration and for new trial requests that the Court reconsider the dismissal of their case during the testimony of Plaintiffs' first witness -- the only witness to testify before the jury. The trial judge did not allow evidence of the Plaintiffs' activities while on call, and ordered Plaintiffs to present evidence solely related to the parties' employment contract.[2] The parties have stipulated that the case is under the Fair Labor Standards Act and the claim for breach of contract is dismissed.

A. *Evidentiary Ruling*

The district court ruling at issue, which led to the directed verdict and dismissal, was that evidence of Plaintiffs' activities while on call was irrelevant to what the parties' employment contract allowed. Under the Fair Labor Standards Act, however, whether on-call time counts as

---

[2] After the case was transferred by Chief Judge Altonaga to the undersigned, both parties stipulated to the dismissal of the breach of contract claim.

3

"hours worked" "depends on the degree to which the employee may use the time for personal activities." *Birdwell v. City of Gadsen, Ala.*, 970 F.2d 802, 807 (11th Cir. 1992). "When employees are engaged to wait for the employer's call to duty, this time may be compensable under the FLSA." *Id.* (finding on-call time was not compensable under FLSA where circumstances showed that plaintiffs' on-call time was not used predominantly for the employer's benefit). The question does not turn solely on the terms of an employment contract but on whether the circumstances show an "employee can use the [on-call] time effectively for his or her own purpose." *Halferty v. Pulse Drug Co.*, 864 F.2d 1185, 1189 (5th Cir. 1989).

Plaintiff Buzzell testified without objection that he could not travel more than five miles from his home when he was on call because he needed to respond to calls within 30 minutes. (Tr. 86). Buzzell testified that he could not respond within 30 minutes if he traveled more than ten minutes away from the station while on call. He testified that the 30-minute response time limited the things he could do while he was on call. *Id.* Plaintiffs' counsel sought to elicit more testimony comparing what Buzzell could do while he was off duty with what he could do while on call. The trial judge ruled that these questions did not elicit material facts.

Plaintiffs argue the Court should reconsider that ruling because limitations on the freedom to engage in chosen pursuits lie at the heart of an on-call overtime claim under the Fair Labor Standards Act. *Halferty*, 864 F.2d at 1189. "An employee who is required to remain on call on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes is working while 'on call.'" 29 C.F.R. § 785.17. Here, the Plaintiffs admit they did not have to be on call at the employer's premises; therefore, the question is whether the 30-minute response time was so restrictive that "employees cannot effectively use the [on-call] time for personal purposes." U.S. Dep't of Labor WHD Opinion Letter, FLSA2009-17 (Jan. 16, 2009) (finding on-call time was not compensable where the facts showed the on-call requirements were

4

not so restrictive as to constitute hours worked); *see also Gelber v. Akal Sec.*, 14 F.4th 1279, 1282 (11th Cir. 2021). Thus, Plaintiffs' counsel's questions eliciting evidence regarding limitations on Buzzell's personal freedom while on call are material to determine whether the time is compensable under the Act. The Court, therefore, finds reconsideration of that ruling is appropriate to correct an error of law.

    B.  *Directed Verdict*

Having found reconsideration of the evidentiary issue appropriate, the Court must next examine the propriety of the "directed verdict" and subsequent order of dismissal. In the dismissal order, the trial judge recognized that he did not employ the best procedure by granting a directed verdict prior to the close of the Plaintiffs' evidence. Federal Rule of Civil Procedure 50(a) states that a court may grant judgment as a matter of law "[i]f a party has been fully heard on an issue during a jury trial[.]" In this case, the Plaintiffs had not completed their case-in-chief. Defendants, nevertheless, rely on *Insinga v. LaBella*, 845 F.2d 249, 251 (11th Cir. 1988) to argue that a court may *sua sponte* grant judgment as a matter of law before the close of a plaintiff's case. In *Insinga*, the district court *sua sponte* granted a directed verdict in favor of the defendant after finding as a matter of law that the defendant owed no duty of care to the *pro se* plaintiff. The Eleventh Circuit, however, did not decide whether the trial court's ruling was proper under Rule 50(a). Rather, it certified a question to the Florida Supreme Court and eventually reversed the district court's dismissal based on the underlying legal issue. *Insinga v. LaBella*, 876 F.2d 883, 884 (11th Cir. 1989). The case does not stand for the proposition for which Defendants cite to it here, which is to allow a *sua sponte* directed verdict prior to the close of a plaintiff's case. The Court, therefore, finds it appropriate to reconsider the directed verdict as it was entered before the Plaintiffs could be "fully heard" as set forth in Rule 50(a).

The underlying evidentiary ruling led the trial judge to enter the directed verdict and his subsequent order of dismissal. Because the Court finds that the evidence is relevant under the Fair Labor Standards Act, the Court reconsiders that ruling and vacates the directed verdict and order of dismissal. The Court finds it appropriate to order a new trial. The Court will set this case for trial after the Defendants advise the Court on the status of the bankruptcy proceedings. The case is stayed pending a status report on the bankruptcy proceedings.

DONE AND ORDERED in Chambers at Miami, Florida, this 25th of January 2023.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Chief Judge Cecilia Altonaga
U.S. District Judge James Lawrence King