**UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 19-CV-10190-KING/BECERRA**

STEPHEN BUZZELL, JR.
on behalf of himself and others similarly
situated under 29 U.S.C. 216(b),

    Plaintiff,
vs.

FLORIDA KEYS AMBULANCE SERVICE, INC.
and EDWARD BONILLA,

    Defendants.                                             /

**JOINT PRETRIAL STIPULATION**

Plaintiff, STEPHEN BUZZELL, JR. on behalf of himself and others similarly situated under 29 U.S.C. 216(b) ("Plaintiffs"), and Defendants, FLORIDA KEYS AMBULANCE SERVICE, INC. and EDWARD BONILLA ("Defendants"), hereby file their Joint Pretrial Stipulation in compliance with Rule 16.1(e) of the Local Rules of the United States District Court for the Southern District of Florida and this Court's Order dated November 6, 2023 [DE 117].

1. **A Short Concise Statement of the Case.**

Plaintiffs brought this action to recover unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §207 ("FLSA"). During the relevant time period, November 2016 through November 2019, Plaintiffs worked as emergency medical technicians ("EMTs") and paramedics for Defendants. Plaintiffs were categorized as "on-call" employees for some or all of their employment. As "on-call" employees, they were paid a flat rate for each on-call shift and an additional flat rate per call run. Plaintiffs were not paid overtime for time spent on-call beyond forty (40) hours per week.

Plaintiffs allege that their time spent on-call is compensable because they were not able to use the on-call time effectively for their own purposes. While on-call, Plaintiffs needed to be available and ready to run a call at any moment. For some of the Plaintiffs, being available and ready to run a call meant being hours from home and at, or in the immediate vicinity of, their assigned FKAS station. For all Plaintiffs, the frequency and duration of the calls, the exigent nature of the calls, the geographic restrictions on their movements, the restrictive time limit to respond to calls, and the harsh disciplinary actions that resulted from refusing a call meant the time was not their own.

Defendants counter that the Plaintiffs were not employees as that term is defined in the FLSA and thus, not entitled to overtime. Defendants also argue that Plaintiff's on-call time is not compensable because Plaintiffs were able to use their on-call time effectively for their own purposes.

2. **Basis of Federal Jurisdiction**

The Plaintiff filed this action pursuant to the overtime provisions of the FLSA. The basis of the Court's jurisdiction is the FLSA, 29 U.S.C. §216(b).

3. **The Pleadings Raising the Issues**

    a. Plaintiff's Complaint filed on November 1, 2019 [DE 1].

    b. Defendants' Answer and Affirmative Defenses filed on August 6, 2020 [DE 23].

4. **List of all Undisposed Motions and Other Matters Pending**

    a. None.

5. **Concise Statement of Uncontested Facts Which Require No Proof at Trial**

    a. Defendant, FKAS, is a Florida corporation with its principal address at 91421 Overseas Highway, Tavernier, Florida 33070

b. During the relevant time period, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

c. The annual gross sales volume of FKAS was in excess of $500,000.00 at all times material hereto.

d. During the relevant time period, FKAS was an enterprise in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act.

e. Defendant, Bonilla, was the founder, owner, chief executive officer, and general manager of FKAS for the period of November 2016 through November 2019 and in that position was responsible for business operations like administrative duties, scheduling, payroll, accounts payable, QA, and billing.

f. Bonilla was responsible for maintaining the records with respect to FKAS paramedics and EMTs of: (i) the number of hours worked each workday and work week, (ii) regular pay rates and applicable overtime rates; and (iii) the amount of regular and overtime wages paid each week by FKAS.

g. Bonilla was responsible for maintaining all records showing shifts worked by Plaintiffs and was the person most instrumental in crafting, creating or developing FKAS' compensation policies applicable to the Plaintiffs.

h. Except between January 2017 and May 2017, when Buzzell was paid a salary, Plaintiffs were categorized as "on-call" employees which meant they were paid a flat-rate per 24-hour shift and then paid a set amount per call.

i. All Plaintiffs were required to have their own certificates and licenses from the State of Florida as Emergency Medical Technicians or Paramedics to work for FKAS.

j. Plaintiffs were required to respond to a call within 30 minutes, or on rare occasions within 15 minutes.

k. FKAS provided optional sleeping quarters at the stations for paramedics and EMTs to stay when they were on-call because many paramedics and EMTs lived too far away to be able to drive back and forth if they were called. If one of the Plaintiffs was sleeping when a call came through, he would have to get up to run the call.

l. Plaintiffs would often transport patients from hospitals in the Florida Keys to hospitals in Miami, which could take three (3) to five (5) hours per call.

m. FKAS records reflect the number of miles between picking up the patient and dropping off the patient – not the total number of miles driven per call. The miles driven to pick up the patient and from drop-off back to the station are not reflected in the records.

n. Plaintiffs had no way to predict when they would be called, where they would be required to drive, or how long each call would last prior to receiving the call.

o. Larry Frazier worked for FKAS as full-time on-call paramedic from November 2018 through about October 2019.

p. Robert Lopez worked for FKAS as a full-time on-call paramedic from December 2017 through November 2019.

    q.    Stephen Buzzell, Jr. worked for FKAS as a full-time on-call paramedic and EMT from approximately June 2014 through July 2017, with the exception that he was paid a flat weekly rate from mid-January 2017 through mid-May 2017.

    r.    At the start of his employment with FKAS, Frazier lived at 1250 SE 29th St., Unit 106, Homestead, Florida 33035.

    s.    At some point during his employment, Frazier moved to 1429 SE 24th Terrace, Homestead, Florida 33035.

    t.    While working for FKAS, Lopez lived at 2650 SE 12th Place, Unit 205, Homestead, Florida 33035.

    u.    While working for FKAS, Buzzell lived at 155 Mohawk Street, Tavernier, Florida.

    v.    Frazier and Lopez lived approximately 40 miles from the Tavernier FKAS station.

    w.    It took Frazier and Lopez between 50 and 70 minutes to travel to FKAS in Tavernier depending on the time of day.

    x.    If assigned to Marathon, Frazier and Lopez would wash and stock their ambulances, refuel if necessary, and drive further south to the Marathon station which would take about 60 to 90 minutes.

    y.    If assigned to Cudjoe Key, Frazier and would wash and stock the ambulance, refuel if necessary, and drive further south to the Cudjoe Key station, which would take about two to two and a half hours.

    z.    FKAS did not pay Plaintiffs overtime for time spent on-call over 40 hours per week.

6.    **A Statement of Issues of Fact Which Remain to be Litigated at Trial**

    a.    The extent to which Plaintiffs were able to use their on-call time effectively for their own purposes.

    b.    Whether Plaintiffs were employees of Defendants.

    c.    Whether Defendants' failure to pay overtime was willful.

    d.    How much, if any, unpaid overtime wages are owed to Plaintiffs by Defendants.

7. **Concise Statement of Issues of Law to Which There is an Agreement**

    a.    Plaintiffs are covered by the FLSA under enterprise coverage.

    b.    Venue is proper in this Court.

    c.    Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

    d.    Under the FLSA, time in which an employee is engaged to wait, that is, time spent primarily for the benefit of the employer and his business, is compensable. Time in which an employee is waiting to be engaged, i.e., time that the employee can use effectively for his or her own purposes, is not.

8. **Concise Statement of Issues of Law Which Remain For Determination by the Court/Jury Trial.**

    a.    Whether the individual Defendant, Edward Bonilla, is an "employer" as defined by the provisions of the FLSA.

    b.    Whether the time Plaintiffs spent "on-call" is compensable under the FLSA.

    c.    Whether Defendants acted in good faith to comply with the FLSA, and if not, whether Plaintiffs are entitled to liquidated damages.

    d.    Whether Defendants' alleged failure to fully compensate Plaintiff was willful, warranting implementation of a three-year statute of limitations.

9. **Each Party's Numbered List of Trial Exhibits with Objections, if any.**

    a.    Plaintiff's List of Trial Exhibits is attached hereto as Exhibit "A."

    b.    Defendants' List of Trial Exhibits is attached hereto as Exhibit "B."

10. **Each Party's Number List of Witnesses**

    a.  Plaintiff's Trial Witnesses is attached hereto as Exhibit "C."

    b.  Defendants' Trial Witnesses is attached hereto as Exhibit "D."

11. **Estimated Trial Time**

    The parties estimate that three (3) days should be sufficient to try this action.

12. **Estimate of Each Party As to the Maximum Amount Properly Allowable**

    The FLSA does not have a cap on allowable reasonable attorneys' fees and costs, with all potential recovery to be governed by law.

Dated: November 21, 2023

Respectfully submitted,

| | |
|---|---|
| **GALLUP AUERBACH**<br>4000 Hollywood Boulevard<br>Presidential Circle-Suite 265<br>South Hollywood, Florida 33021<br>Tel: (954) 894-3035 Fax: (754) 200-2836<br>E-mail: jauerbach@gallup-law.com<br><br>By:  /s/ Jacob K. Auerbach<br>     Jacob K. Auerbach<br>     Florida Bar No.: 0084003<br><br>*Counsel for Plaintiffs* | **Bridges, Simmons & Associates**<br>101 NE 3rd Ave., STE 1500<br>Fort Lauderdale, FL 33301<br>Tel: (954) 332-3706; Fax: (954) 356-0406<br>E-mail: tsimmons@law-bsa.com<br><br>By:  /s/ Theron Simmons<br>     Theron Simmons<br>     FLBar #623385<br><br>*Counsel for Defendants* |

**ROBERT S. NORELL, P.A.**
300 NW 70th Avenue, Suite 305
Plantation, FL 33317
Tel: (954) 617-6017 Fax: (954) 617-6018
Email: rob@floridawagelaw.com

By:  /s/ Robert S. Norell
     ROBERT S. NORELL
     Florida Bar No.: 996777

*Co-Counsel for Plaintiffs*