UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.:19-10190-CIV-MORENO

STEPHEN BUZZELL, JR., et al.,

    Plaintiffs,

vs.

FLORIDA KEYS AMBULANCE
SERVICE, INC. and
EDWARD BONILLA,

    Defendants
_____/

## PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT
## WITH INCORPORATED MEMORANDUM OF LAW

Plaintiffs, STEPHEN BUZZELL, JR., *et. al.,* by and through their undersigned attorneys, move to enforce the settlement reached between the parties, announced in open court and approved by this Court on December 4, 2023, and as grounds therefore state as follows:

### INTRODUCTION AND BACKGROUND

1. Plaintiffs brought this case against Defendants seeking unpaid overtime wages pursuant to the Fair Labor Standards Act (the "FLSA").

2. On December 3, 2023, the parties filed a Notice of Settlement [D.E. 125], notifying the Court that a settlement had been reached.

3. On December 4, 2023, the Court conducted a status conference, at which time counsel for the parties informed the Court of the terms of settlement and the Court approved the settlement.

1

4. Specifically, the terms of settlement, as announced by the parties' counsel and approved by the Court, was for Defendants to pay the Plaintiffs a total of $50,000.00, inclusive of attorneys' fees and costs, to resolve all claims set forth in the Plaintiffs' complaint.

5. The Defendants agreed to make monthly installment payments of $1,000, with the first payment due within thirty (30) days of the Court's approval of the settlement and $1,000 was to be paid every thirty (30) days thereafter for eighteen (18) months. The remaining balance of $32,000 was to be paid on the nineteenth (19th) month.

6. The Parties announced, and the Court approved, that $25,000 of the settlement was for attorneys' fees and an additional $8,000 was for costs incurred during the litigation. The remaining balance of $17,000 was to be paid to the Plaintiffs for alleged unpaid overtime wages.

7. Following the status conference hearing, the Court entered a Final Order of Dismissal and Order Denying all Pending Motions as Moot [D.E. 126]. The order specifically stated in pertinent part as follows:

> THIS CAUSE came before the Court upon a hearing in Open Court on December 4, 2023, following the parties' Notice of Settlement, which was filed on Saturday December 2, 2023. Jury selection was scheduled for December 4,2023 at 9:30AM.
>
> THE COURT has considered the notice and the pertinent portions of the record, and is otherwise fully advised in the premises. ***Counsel for both parties advised the Court of the contents of the parties' settlement in Open Court on December 4, 2023***. It is
>
> ADJUDGED that ***the settlement is approved*** in accordance with *Lynn's Food Stores, Inc. v. US. Dep't of Labor*, 679 F.2d 1350 (11th Cir.1982). ***The Court***

***retains jurisdiction for nineteen months to enforce the settlement***….(emphasis added)

8. On December 5, 2023, Defendants' counsel sent Plaintiff's counsel a draft written settlement agreement, which contained the financial terms consistent with those announced by the parties' counsel and approved by the Court, but which also included a non-competition restriction. Specifically, the Defendants sought to prevent Plaintiffs from working for two competitors of the Defendant, E-Care and Elite, for a two (2) year period.

9. In late December 2023, Plaintiffs' counsel contacted Defendants' counsel to discuss the terms of the draft written settlement agreement. Defendants' counsel did not respond.

10. On January 23, 2024, Plaintiffs' counsel sent Defendants' counsel a revised version of the written settlement agreement without the non-compete restriction. Plaintiffs' counsel stated that Defendants could sign that version of the settlement agreement, or, alternatively, Plaintiffs would move to enforce the Settlement approved by this Court.

11. Defendants' counsel did not respond to the undersigned's email, nor did Defendants' counsel respond to a follow-up email sent on February 14, 2024.

12. Accordingly, Plaintiffs move this Court to enforce the settlement that was announced by the parties in open court and approved by this Court on December 4, 2024.

## ARGUMENT

Pursuant to the law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. One such way, which is applicable to this case, is by approval of a district court. *Lynn's Foods Stores, Inc. v. United States,* 679 F. 2d 1350, 1353 (11th Cir. 1982).

Under Florida law, settlement agreements are highly favored and will be enforced whenever possible. *Robbie v. City of Miami,* 469 So. 2d 1384, 1385 (Fla. 1985). Unless the existence or terms of a settlement agreement are genuinely disputed, adjudication of a motion to enforce a settlement agreement is a summary proceeding. *American Appraisal Associates, Inc. v. American Appraisal, Inc.,* 531 F. Supp. 2d 1353, 1358 (S.D. Fla. 2008) (granting the plaintiff's motion to enforce a written settlement agreement, over the defendant's argument that it revoked acceptance before the plaintiff had an opportunity to sign it, reasoning that the physical act of signing a document is a mere formality where the parties clearly intended to be bound and the terms are clear, definite and capable of proof).

Here, the settlement was announced by the parties in open court and approved by the Court on December 4, 2023 [D.E. 126]. The terms of the settlement required the Defendants to pay $1,000 within thirty (30) days of December 4, 2023. Defendants have failed to make any payments to Plaintiffs, have refused to agree upon or sign a written settlement agreement consistent with the terms announced in open court and approved by this Court, and have completely ignored Plaintiffs attempts to resolve this dispute without court intervention. The Defendants' failure to respond to Plaintiffs or comply with the terms of the settlement has forced the Plaintiffs to file this motion.

WHEREFORE, Plaintiffs respectfully request this Court enter an order against Defendants to comply with the terms of settlement as approved by this Court, to commence payment within ten (10) days of entry of this Court's order and thereafter to pay monthly installments per the settlement agreement, and that the Court grant such further relief as may be just, necessary and proper.

        Respectfully submitted,

        **/s/*Dana M. Gallup***           
        Dana M. Gallup, Esq.
        Fla. Bar No. 0949329
        E-Mail: dgallup@gallup-law.com
        Jacob K. Auerbach, Esq.
        Fla. Bar No. 84003
        E-Mail: jauerbach@gallup-law.com
        **GALLUP AUERBACH**
        4000 Hollywood Boulevard
        Presidential Circle-Suite 265 South
        Hollywood, FL 33021
        Telephone: (954) 894-3035
        Facsimile: (954) 894-8015
        *Co-counsel for Plaintiffs*

        Robert S. Norell, Esq.
        Fla. Bar No. 996777
        E-Mail: rob@floridawagelaw.com
        **ROBERT S. NORELL, P.A.**
        300 N.W. 70th Avenue
        Suite 305
        Plantation, FL 33317
        Telephone: (954) 617-6017
        *Co-counsel for Plaintiffs*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1.A.3**

    I HEREBY CERTIFY that counsel for the movant attempted to confer with Defendants' counsel in a good faith effort to resolve the issue raised by this motion, but Defendants' counsel has been nonresponsive.

        By:    */s/ Dana M. Gallup*      
                  DANA M. GALLUP
                  Florida Bar No.: 0949329

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served in the manner indicated below on February 29, 2024 on all counsel or parties of record appearing on the Service List below.

By: */s/Dana M. Gallup*
Dana M. Gallup, Esq.

### Service List
CASE NO.: 19-CV-10190-MORENO

Dana M. Gallup, Esq.
E-Mail: dgallup@gallup-law.com
Jacob Auerbach, Esq.
E-Mail: jauerbach@gallup-law.com
**GALLUP AUERBACH**
4000 Hollywood Boulevard
Presidential Circle – Suite 265 South
Hollywood, FL 33021
Telephone: (954) 894-3035
Facsimile: (954) 894-8015
*Co-counsel for Plaintiffs*

Robert S. Norell, Esq.
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Co-counsel for Plaintiffs*
Method of Service: CM/ECF

Theron Simmons, Esq.
E-Mail: tsimmons@law-bsa.com
**BRIDGES, SIMMONS & ASSOCIATES**
101 NE 3rd Avenue
Suite 1500
Fort Lauderdale, FL 33301
Telephone: (954) 332-3706
*Co-counsel for Defendants*
Method of Service: CM/ECF

Rainier Regueiro, Esq.
E-Mail: rainier.regueiro@gallardolawyers.com
**GALLARDO LAW FIRM, P.A.**
8492 SW 8th St.
Miami, FL 33144
Office: (305) 261-7000
Co-counsel for Defendants
Method of Service: CM/ECF